[No. 4194–8–III. · Division Three. January 21, 1982.]

ERIK L. HOPP, *Appellant,* v. OROVILLE SCHOOL DISTRICT No. 410, *Respondent.*

*Kelly Hancock* and *R. J. Sloan, Jr.,* for appellant.

*William E. Garnett,* for respondent.

McINTURFF, C.J.—Erik Hopp appeals the denial of his writ of certiorari to review a decision of the Oroville School District No. 410 (District). That decision precluded renewal of his contract after his initial year of teaching in the District.

Mr. Hopp was hired by the District to teach at Oroville High School during the 1979–80 school year. On November 27, 1979, within the first 90 days of the employment period, an evaluation report on Mr. Hopp was made by the principal of Oroville High School. The District's evaluation policy includes evaluation criteria required by RCW 28A.67.065[1]

---

[1]RCW 28A.67.065 states in part:

"(1) The superintendent of public instruction shall, on or before January 1, 1977, establish and may amend from time to time minimum criteria for the evaluation of the professional performance capabilities and development of certificated classroom teachers and certificated support personnel. For classroom teachers the criteria shall be developed in the following categories: Instructional skill; classroom management, professional preparation and scholarship; effort toward improvement when needed; the handling of student discipline and attendant problems; and interest in teaching pupils and knowledge of subject matter. Such criteria shall be subject to review by November 1, 1976, by four members of the legislature, one from each caucus of each house, including the chairpersons of the respective education committees.

". . .

"It shall be the responsibility of a principal or his or her designee to evaluate all certificated personnel in his or her school. During each school year all classroom teachers and certificated support personnel, hereinafter referred to as "employees" in this section, shall be observed for the purposes of evaluation at least twice in the performance of their assigned duties. . . .

"Every employee whose work is judged unsatisfactory based on district evaluation criteria shall be notified in writing of stated specific areas of deficiencies along with a suggested specific and reasonable program for improvement on or before February 1st of each year. A probationary period shall be established beginning on or before February 1st and ending no later than May 1st. The purpose of the probationary period is to give the employee opportunity to demonstrate improvements in his or her areas of deficiency. . . . Lack of necessary improvement shall be specifically documented in writing with notification to the

including instructional skill, classroom management, professional preparation and scholarship, effort toward improvement when needed, handling student discipline, interest in teaching, knowledge of subject matter and personal qualities. The evaluation noted various areas of deficiency and suggested means of improvement.[2]

On March 10, Mr. Hopp was given an annual evaluation report by Principal Motta. This report again noted deficiencies in various areas and a lack of improvement from the prior evaluation. On May 13, 1980, the superintendent of the school district advised Mr. Hopp in writing of his decision not to renew the teaching contract for the 1980–81 school year, listing reasons for the determination and advising him of procedures for requesting reconsideration of the decision. On May 16, 1980, Mr. Hopp's attorney advised the superintendent by letter of a request for an informal meeting to present evidence for reconsideration. The meeting was held on May 28, 1980; present were Mr. Hopp and his attorney, the District superintendent, Mr. Motta, and counsel for the District. Mr. Hopp presented letters from several fellow teachers and other supporters in addition to a memorandum of legal authority. On June 3, 1980, the superintendent recommended nonrenewal of the contract to the Oroville School Board.

On June 10, 1980, the Board of Directors convened to consider the matter. Mr. Hopp was again present and represented by two attorneys who submitted additional arguments on Mr. Hopp's behalf. At a special meeting on June 17, 1980, the Board voted not to renew Mr. Hopp's teaching contract and notified him of its decision.

Mr. Hopp subsequently filed a petition for writ of certiorari asking the Okanogan Superior Court to review the

---

probationer and shall constitute grounds for a finding of probable cause under RCW 28A.58.450 or 28A.67.070, as now or hereafter amended."

[2]The record does not contain a copy of Mr. Hopp's evaluations. Since no error was assigned to the court's findings relative to the evaluations, we adopt them as verities.

school district's proceedings. The court filed findings of fact and conclusions of law denying the petition and dismissed the action with prejudice.

On appeal, Mr. Hopp claims RCW 28A.67.072,[3] the pro-

---

[3]RCW 28A.67.072 states:

"Notwithstanding the provisions of RCW 28A.67.070 as now or hereafter amended, every person employed by a school district in a teaching or other non-supervisory certificated position shall be subject to nonrenewal of employment contract as provided in this section during the first year of employment by such district. Employees as defined in this section shall hereinafter be referred to as 'provisional employees'.

"In the event the superintendent of the school district determines that the employment contract of any provisional employee should not be renewed by the district for the next ensuing term such provisional employee shall be notified thereof in writing on or before May 15th preceding the commencement of such school term, which notification shall state the reason or reasons for such determination. Such notice shall be served upon the provisional employee personally, or by certified or registered mail, or by leaving a copy of the notice at the place of his or her usual abode with some person of suitable age and discretion then resident therein. The determination of the superintendent shall be subject to the evaluation requirements of RCW 28A.67.065, as now or hereafter amended.

"Every such provisional employee so notified, at his or her request made in writing and filed with the superintendent of the district within ten days after receiving such notice, shall be given the opportunity to meet informally with the superintendent for the purpose of requesting the superintendent to reconsider his or her decision. Such meeting shall be held no later than ten days following the receipt of such request, and the provisional employee shall be given written notice of the date, time and place of meeting at least three days prior thereto. At such meeting the provisional employee shall be given the opportunity to refute any facts upon which the superintendent's determination was based and to make any argument in support of his or her request for reconsideration.

"Within ten days following the meeting with the provisional employee, the superintendent shall either reinstate the provisional employee or shall submit to the school district board of directors for consideration at its next regular meeting a written report recommending that the employment contract of the provisional employee be nonrenewed and stating the reason or reasons therefor. A copy of such report shall be delivered to the provisional employee at least three days prior to the scheduled meeting of the board of directors. In taking action upon the recommendation of the superintendent, the board of directors shall consider any written communication which the provisional employee may file with the secretary of the board at any time prior to that meeting.

"The board of directors shall notify the provisional employee in writing of its final decision within ten days following the meeting at which the superintendent's recommendation was considered. The decision of the board of directors to nonrenew the contract of a provisional employee shall be final and not subject to appeal.

visional employee statute, is violative of his due process and equal protection rights. We disagree.

■■ Initially, we note our courts have held there is no constitutional "property" interest in public employment. *Giles v. Department of Social & Health Servs.*, 90 Wn.2d 457, 461, 583 P.2d 1213 (1978). Property interests are defined by rules which stem from state law. *Bishop v. Wood*, 426 U.S. 341, 48 L. Ed. 2d 684, 96 S. Ct. 2074 (1976); *State ex rel. Swartout v. Civil Serv. Comm'n*, 25 Wn. App. 174, 182, 605 P.2d 796 (1980). Thus, Mr. Hopp, as a provisional teacher under RCW 28A.67.072, does not have a fundamental property right to employment which requires us to measure the questioned statute by the strict scrutiny test.[4] Consequently, the applicable review standard is the 3-pronged rational basis test of *Equitable Shipyards, Inc. v. State*, 93 Wn.2d 465, 478, 611 P.2d 396 (1980):

> (1) Does the classification apply alike to all members within the designated class? (2) Does some basis in reality exist for reasonably distinguishing between those within and without the designated class? (3) Does the classification have a rational relation to the purpose of the challenged statute?

■ First, we find RCW 28A.67.072 applies alike to all first-year teaching or noncertificated employees in the District. Second, a probationary period under this statute is a legitimate precondition to bestowing benefits of public employment. *Ross v. Department of Social & Health Servs.*, 23 Wn. App. 265, 271, 594 P.2d 1386 (1979). Last, a

---

"This section applies to any person employed by a school district in a teaching or other nonsupervisory certificated position after June 25, 1976. This section provides the exclusive means for nonrenewing the employment contract of a provisional employee and no other provision of law shall be applicable thereto, including, without limitation, RCW 28A.67.070, and chapter 28A.88 RCW, as now or hereafter amended."

[4]If the statute or rule creates an inherently suspect classification such as is based upon race, nationality or alienage, when challenged, it will be subject to strict judicial scrutiny. The enactment would not be upheld under such an analysis unless the State establishes a compelling interest. *Nielsen v. Washington State Bar Ass'n*, 90 Wn.2d 818, 820, 585 P.2d 1191 (1978).

rational basis exists because of the need for a probationary period in which an employer may observe the performance of the probationary employee prior to conferral of a continuing contract under RCW 28A.67.070 with its elaborate procedural system. The rational purpose behind RCW 28A.67.072 was to afford a means of assuring effective teachers and proper education. *See generally State ex rel. Swartout v. Civil Serv. Comm'n, supra* at 179–80. The statute passes constitutional muster.

Next, Mr. Hopp argues the Board acted illegally by failing to apply the probationary provisions under RCW 28A.67.065.[5] He maintains these probationary provisions are preconditions to nonrenewal of teaching contracts, whether the teacher is provisional or otherwise.

 In interpreting a statute it is the duty of the court to ascertain and give effect to the intent and purpose of the legislature. *In re Lehman,* 93 Wn.2d 25, 27, 604 P.2d 948 (1980). Statutes in pari materia must be construed together in ascertaining legislative intent in order to give each statute meaning and validity. *Kirk v. Miller,* 83 Wn.2d 777, 522 P.2d 843 (1974). Mr. Hopp correctly points out that RCW 28A.67.065 predated RCW 28A.67.072. The legislature is presumed to be familiar with its prior enactments when creating a new statute. *Baker v. Baker,* 91 Wn.2d 482, 486, 588 P.2d 1164 (1979). RCW 28A.67.072 states in part:

> This section provides the *exclusive* means for nonrenewing the employment contract of a provisional employee and *no other provision of law* shall be applicable thereto . . .

(Italics ours.) Because the foregoing provision followed RCW 28A.67.065, we believe the legislature did not intend the probationary requirements of the latter statute be applied to provisional teachers. RCW 28A.67.072 merely refers to section .065 to insure the determination by the superintendent is subject to the evaluation requirements of that section. No mention is made in section .072 of probation requirements under section .065.

---

[5]See footnote 1.

Although the probationary period set out in section .065 refers to "[e]very employee whose work is judged unsatisfactory" the legislature, in the same paragraph, noted that "[l]ack of necessary improvement shall be specifically documented in writing . . . and shall constitute grounds for a finding of probable cause under RCW . . . 28A.67.070 [tenured employee statute], as now or hereafter amended." The legislature made no mention of nonrenewal under RCW 28A.67.072 which is good reason to believe the probationary requirements of RCW 28A.67.065 do not apply to provisional teachers. Additionally, we note the provisional teacher's entire first year *is* a probationary period, which would make the placement of Mr. Hopp on probation illogical and redundant. No construction should be given to a statute which leads to absurdity. *Wilson v. Lund,* 74 Wn.2d 945, 447 P.2d 718 (1968).

Consequently, we find RCW 28A.67.072 requires only that the superintendent's determination not to renew a provisional employee's contract be made in accordance with the evaluation criteria set forth in RCW 28A.67.065. There is no requirement that provisional employees be placed on probation on or before February 1 of the school year as a precondition for nonrenewal. Having determined the District complied with the evaluation criteria, we find no error.[6]

---

[6]Mr. Hopp's reliance on *Wojt v. Chimacum School Dist. 49,* 9 Wn. App. 857, 516 P.2d 1099 (1973) and *Van Horn v. Highline School Dist. 401,* 17 Wn. App. 170, 562 P.2d 641 (1977) is misplaced. He concedes Wojt was not a first–year teacher and was discharged under RCW 28A.58.100. Additionally, *Wojt* was decided before the enactment of RCW 28A.67.072. Van Horn, likewise, was not a first–year teacher. The conclusion reached in *Wojt* was that a failure of a teacher to substantially correct work–related deficiencies subsequent to a probationary period may be used to constitute "sufficient cause" for discharge. *Wojt, supra* at 862; *Potter v. Richland School Dist. 400,* 13 Wn. App. 316, 322, 534 P.2d 577 (1975). The term "sufficient cause" only relates to the "tenured teacher statute", RCW 28A.67.070, not to the mere statement of reason(s) under the "provisional teacher statute", RCW 28A.67.072. Had Mr. Hopp been other than a first–year provisional teacher, solely governed by the dictates of RCW 28A.67.072 as discussed above, the probational requirements of RCW 28A.67.065 would be applicable.

Finally, Mr. Hopp maintains the District is contractually bound to apply the dictates of RCW 28A.67.065 because of a certificated employees evaluation policy between certificated employees and the Oroville Education Association. Section 5.1 of that policy provides that an unsatisfactory performance report shall include a program designed to assist the employee in improving his performance.

■ Our review of the above policy fails to disclose a specific reference to probation programs for provisional employees. We will not read such a requirement into the policy. However, we note Mr. Hopp signed a contract as a provisional certificated teacher with the Oroville School District. That contract provided in part:

> This contract is subject to nonrenewal by the District in the first year of employment in accordance with chapter 223, Laws of 1969, ex. sess. as last amended and added to by section 1, chapter 114, Laws of 1976, 2nd ex. sess. [RCW 28A.67.072.]

The face of the contract between Mr. Hopp and the District clearly evidences an intent that nonrenewal would be governed by the provisions of section .072.

Although we see no harm in the District's formulating a specific program to aid provisional employees in overcoming deficiencies, it is up to the legislature, not the courts, to decide on the wisdom and utility of legislation. *Ferguson v. Skrupa,* 372 U.S. 726, 10 L. Ed. 2d 93, 83 S. Ct. 1028, 95 A.L.R.2d 1347 (1963).

Having decided the foregoing issue we next address the dismissal of Mr. Hopp's writ of certiorari.

■ The grounds for granting a writ of certiorari are contained in RCW 7.16.040:

> A writ of review shall be granted by any court, except a police or justice court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment

of the court, any plain, speedy and adequate remedy at law.

Although the superior courts are vested with inherent authority to review a controversy under a writ of certiorari, a threshold showing must be made of one of the grounds set forth above. Mr. Hopp has made no showing the Board exceeded its jurisdiction or that the proceedings were erroneous, void, or contrary to common law. The court, finding no violation of law or contract, properly denied review under the writ.

The judgment of the Superior Court is affirmed.

GREEN and ROE, JJ., concur.

Reconsideration denied March 12, 1982.

Review denied by Supreme Court May 21, 1982.