[No. 25532-1-I.   Division One.   December 20, 1990.]

PAUL E. NOLAN, ET AL, *Appellants*, v. SNOHOMISH COUNTY, ET AL, *Respondents.*

*Richard B. Sanders,* for appellants.

*Seth R. Dawson, Prosecuting Attorney,* and *Traci M. Goodwin* and *Sue Tanner, Deputies,* for respondents.

SCHOLFIELD, J.—Appellants Paul Nolan and Woodland Homes, Inc. (hereinafter Nolan), appeal the trial court's dismissal of a petition for writ of review and/or mandamus, in which they sought review of the Snohomish County Council's decision in a land use matter. The Council had affirmed the hearing examiner's decision to deny Nolan's plat application and vacate a mitigated determination of nonsignificance in a development proposed by Nolan. The trial court dismissed Nolan's petition on the grounds that he had failed to timely join an indispensable party, the

County Council, and had failed to follow State Environmental Policy Act of 1971 (SEPA) appeal requirements. We reverse.

FACTS

Nolan owns 23.13 acres of land in Snohomish County, Washington, which he sought to subdivide into 89 platted lots. He applied to Snohomish County for a master use permit consisting of an application for a rezone, preliminary approval of a subdivision plat, and a shoreline substantial development permit. Although a Mitigated Determination of Nonsignificance (MDNS) was initially issued by the Snohomish County Department of Planning and Community Development (DCD), that determination was subsequently vacated by the hearing examiner. The examiner's conclusion was that the project could not be approved in its present form but could be revised in such a way that it would be acceptable. The examiner vacated the MDNS, denied the requested rezone without prejudice, and returned the Shoreline Management Substantial Development application and preliminary plat to Nolan for a correction of deficiencies. Nolan timely appealed to the Snohomish County Council, which affirmed the hearing examiner's decision on October 16, 1989. Notice of the Council's decision was published on that same date and included a statement of the procedure for appeal. The notice set October 31, 1989, as the final day for filing a notice of appeal and provided that any appeal of SEPA issues required the filing of a notice of intent with the clerk of the County Council by that date.

Nolan filed a petition for writ of review and/or mandamus in Snohomish County Superior Court on October 27, 1989, and served Snohomish County with a copy of the petition on October 30, 1989. Also on October 30, Nolan served a SEPA notice of intent on DCD. Courtesy copies of Nolan's petition and supporting affidavits had also been delivered to the Snohomish County Prosecuting Attorney's Office. The County filed a notice of appearance on

November 1, 1989, and answered Nolan's complaint on November 22, 1989.

The original writ of review filed by Nolan named Snohomish County as respondent. On November 7, 1989, Snohomish County notified Nolan that it would resist entry of the writ on the ground that the Snohomish County Council, which the County claimed was an indispensable party, had not been named. Nolan filed an amended petition on November 9, 1989, specifically naming the Snohomish County Council in addition to Snohomish County.

A hearing was held on the amended petition in Snohomish County Superior Court on December 21, 1989. The court concluded that the Snohomish County Council was an indispensable party and that Nolan's action would be dismissed because the Snohomish County Council was not made a party within the 15–day appeal period provided by county code, and that the amendment joining the County Council could not relate back to the date of Nolan's original petition because he had failed to comply with the requirements of CR 15(c)(2). The court also based its dismissal in part on the failure of Nolan to file with the clerk of the County Council a notice of intent to appeal his environmental claims. The court dismissed Nolan's claims with prejudice, and his subsequent motion for reconsideration was denied.

### SNOHOMISH COUNTY COUNCIL NOT AN INDISPENSABLE PARTY

CR 19(a) provides in part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (A) as a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

CR 19(a)(1) has been construed as requiring, subject to the other provisions of the rule, that a party must be joined when complete relief cannot be granted in his absence. A number of cases have held that in zoning and other land use cases, the owner of the property involved is an indispensable party. *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.*, 96 Wn.2d 201, 207, 634 P.2d 853 (1981); *Woodward v. Spokane*, 51 Wn. App. 900, 903, 756 P.2d 156, *review denied*, 111 Wn.2d 1027 (1988); *Veradale Vly. Citizens' Planning Comm. v. Board of Cy. Comm'rs*, 22 Wn. App. 229, 588 P.2d 750 (1978); *Andrus v. County of Snohomish*, 8 Wn. App. 502, 509, 507 P.2d 898 (1973), and cases cited therein.

The landowner is an indispensable party in land use cases because he is the person "most affected" in any review proceeding, the purpose of which is to invalidate or otherwise affect the use of his property. A decision invalidating or modifying a land use ruling would not be binding upon the landowner if he is not a party. The court would have no jurisdiction over him. It is thus a clear case where complete relief cannot be obtained in his absence because his substantive rights cannot be affected by the decision of the reviewing court. *Cathcart–Maltby–Clearview Comm'ty Coun. v. Snohomish Cy.*, supra at 207 (quoting *Veradale Vly. Citizens' Planning Comm. v. Board of Cy. Comm'rs*, supra).

CR 19(a)(2) has no application to the facts of this case. If the Snohomish County Council is to be an indispensable party, it must qualify under CR 19(a)(1). The status of the quasi–judicial body whose decision is being reviewed is in sharp contrast to that of the affected landowner. Quasi–judicial bodies include such bodies as zoning boards and county councils which have no legal, property, financial, or ownership interest of any kind in the subject property. Such bodies function only as review bodies in the administrative process. It is obvious that complete relief is obtainable whether or not such boards are made parties in the judicial review of the decision.

As a quasi–judicial body, a zoning board has no legal interest in the ultimate decision, but represents the public interest, and is primarily concerned with assisting the court to make a proper judgment.

*Veradale Valley Citizens' Planning Comm. v. Board of Cy. Comm'rs, supra* at 233.

Generally, a board of adjustment, review or zoning appeals or a like body, or members thereof are not interested, aggrieved or proper parties in judicial proceedings to review or set aside their determinations as to permits, nonconforming uses, variances and other matters. A writ of certiorari to review the decision of a zoning board in an administrative matter is directed to the board, but this does not make it an interested or aggrieved party or entitle it to appeal from the decision of the court to a higher court.

8A E. McQuillin, *Municipal Corporations* § 25.319 (3d rev. ed. 1986).

If there was any purpose to be served by getting jurisdiction over the County Council in this proceeding, that purpose was met by naming Snohomish County as a party.

RCW 36.01.010 provides:

The several counties in this state shall have capacity as bodies corporate, to sue and be sued in the manner prescribed by law; to purchase and hold lands; to make such contracts, and to purchase and hold such personal property, as may be necessary to their corporate or administrative powers, and to do all other necessary acts in relation to all the property of the county.

RCW 36.01.020 provides:

The name of a county, designated by law, is its corporate name, and it must be known and designated thereby in all actions and proceedings touching its corporate rights, property, and duties.

In *Foothills Dev. Co. v. Clark Cy. Bd. of Cy. Comm'rs,* 46 Wn. App. 369, 730 P.2d 1369 (1986), the court held that a board of county commissioners was not a separate legal entity with the capacity to be sued. In doing so, the court cited former RCW 36.32.120(6), providing that county commissioners shall "*in the name of the county* prosecute and defend all actions for and against the county . . .'". *Foothills,* at 377.

The current RCW 36.32.120(6) grants the same authority to "[t]he legislative authorities of the several counties" as was formerly granted to "[t]he several boards of county commissioners".

In *Culpepper v. Snohomish Cy. Dep't of Planning & Comm'ty Dev.*, 59 Wn. App. 166, 796 P.2d 1285 (1990), Culpepper, in his petition for a writ of review, named as respondent the Community Development Division of the Snohomish County Department of Planning and Community Development (CDD). The County contended in *Culpepper* that CDD could not be a party to the action, as it was not a natural or artificial person. The *Culpepper* court agreed and held that the indispensable party was Snohomish County.

Snohomish County contends the County Council is an indispensable party because if not named it cannot be compelled to send to the reviewing court the record to be reviewed.

RCW 7.16.060 provides in part:

> The writ may be directed to the inferior tribunal, board or officer, or to any other person having the custody of the record or proceedings to be certified.

This requirement relates only to the process of getting a certified record before the reviewing court and has no bearing on jurisdiction or identification of indispensable parties. There is no claim in this case of any problem in getting the proper record before the superior court. Joining Snohomish County as a party is sufficient. The writ can be directed to the custodian of the record, if known. If not known, a direction by the court to Snohomish County to supply the record would be enforceable. The County, presumably, is in a much better position than a citizen petitioner to know where its records are located among its various boards, agencies and divisions.

■ Reliance on *Sumner–Tacoma Stage Co. v. Department of Public Works*, 142 Wash. 594, 254 P. 245 (1927) is misplaced. The only issue in that case was whether Shields Transportation Company, the holder of the certificate, was

a necessary party. The statement of the court relative to the keeper of the record being a necessary party did not relate to an issue before the court and was, therefore, dictum. *State ex rel. Lemon v. Langlie,* 45 Wn.2d 82, 89, 273 P.2d 464 (1954); *State ex rel. Johnson v. Funkhouser,* 52 Wn.2d 370, 373–74, 325 P.2d 297 (1958).

█ RCW 36.32.120(6), read together with RCW 36.01-.010 and .020, makes clear the legislative intent that in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued. It follows that a county council is not a legal entity separate and apart from the county itself. Jurisdiction over the Snohomish County Council is achieved by suing Snohomish County. No purpose would be served by naming both the County and the County Council in this proceeding. The County argues that they are both indispensable parties, but the law gives no support to such a contention.

Nolan gained jurisdiction over the only indispensable party when he sued Snohomish County. The trial court erred in holding that the County Council was an indispensable party.

### SEPA Notice of Intent Properly Served

The trial court's ruling also contained the following finding:

> Plaintiffs failed to file with the county council clerk a notice of their intent to commence a judicial appeal of their environmental claims, as required by the State Environmental Policy Act, RCW 43.21.075(5) and SCC 23.40.040(4), despite the fact that the county council's official notice of its decision directed them to do so.

Nolan contends that his service of the notice of intent on DCD was correct because DCD was the proper agency to be served according to state law. Nolan's contention is correct.

RCW 43.21C.075(5)(a) provides in pertinent part as follows:

> If there is an agency proceeding under subsection (3) of this section, the appellant shall, prior to commencing a judicial appeal, submit to the responsible official a notice of intent to commence a judicial appeal. This notice of intent shall be given

within the time period for commencing a judicial appeal on the underlying governmental action.

The term "responsible official" is defined as "that officer or officers, committee, department, or section of the lead agency designated by agency SEPA procedures to undertake its procedural responsibilities as lead agency." WAC 197–11–788.

The "lead agency" is defined as "the agency with the main responsibility for complying with SEPA's procedural requirements . . . 'Lead agency' may be read as 'responsible official' . . . unless the context clearly requires otherwise." WAC 197–11–758. The "lead agency" for proposed private projects in this case is DCD, where Nolan served the notice of intent.

SCC 23.24.200(2)(a) provides:

> For private projects which require licenses from more than one department, the lead department shall be one of the departments with jurisdiction, based upon the following order of priority:
> (a) Department of planning & community development

We note again that the MDNS was initially issued by DCD.

■■ The clerk of the County Council cannot be characterized as the "responsible official" or the "lead agency." It performs none of the administrative functions of a "lead agency." Its function in this case was only that of a quasi–judicial body performing a review function. The lead agency in this case is DCD. Snohomish County, in designating the clerk of the County Council as the person on whom the notice of intent must be served, has enacted an ordinance which is in clear conflict with state law.

Const. art. 11, § 11 provides:

> Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

The purpose of this provision precluding local laws in conflict with statutes is to assure the supremacy of the Legislature. However, a conflict should not be found unless it truly exists. Trautman, *Legislative Control of Municipal*

*Corporations in Washington,* 38 Wash. L. Rev. 743, 781 (1963).

Local laws in conflict with state statutes have been held invalid and of no effect. *Fazio v. Eglitis,* 54 Wn.2d 699, 344 P.2d 521 (1959); *Yakima v. Gorham,* 200 Wash. 564, 94 P.2d 180 (1939).

The general rule is that municipal corporations have the right to enact ordinances prohibiting and punishing the same acts which constitute an offense under state laws so long as the city ordinance does not conflict with the general laws of the state or the state enactment does not show upon its face that it was intended to be exclusive. *Bellingham v. Schampera,* 57 Wn.2d 106, 108–09, 356 P.2d 292, 92 A.L.R.2d 192 (1960).

In the case sub judice, state law directs that the notice of intent to appeal a decision involving SEPA issues be served on the "lead agency," which, in this case, is DCD. The county ordinance directs the notice to be served on the clerk of the County Council. One could argue that any conflict can be resolved by serving the notice on the clerk and DCD. That argument, however, does not meet the issue here, where the notice was served only on DCD. Under state law, this was a valid service of the notice. The irreconcilable conflict becomes clear when Snohomish County takes the position, as it does in this case, that service in compliance with state law was invalid and of no force or effect because a Snohomish County ordinance directs that the notice be served on the clerk of the County Council.

We hold the notice of intent required by RCW 43.21C-.075(5)(a) was properly and timely served on DCD.

### SUFFICIENCY OF THE PETITION

Lastly, the County asserts that Nolan's application for a writ is deficient because it contains nothing more than bare conclusory allegations. The County argues these allegations do not meet the requirement of factual threshold allegations showing grounds for a writ of certiorari. The County cites two cases in support of this argument. Those are both

cases involving requested relief from quasi-legislative proceedings addressed under the court's inherent power of review, as contrasted to quasi-judicial proceedings which can be reviewed under RCW 7.16.040. The case before us involves review of a quasi-judicial proceeding.

*Dorsten v. Port of Skagit Cy.*, 32 Wn. App. 785, 650 P.2d 220, *review denied*, 98 Wn.2d 1008 (1982) involved review of an action taken by the Port of Skagit County in raising the moorage rates at its marina in La Conner. The court held that setting moorage rates was a quasi-legislative policy determination, as contrasted to a quasi-judicial function, and was not subject to review by a statutory writ of certiorari. The court held, however, consistent with prior cases, that nonjudicial agency actions could be reviewed under its inherent judicial power.

The County relies upon *Hopp v. Oroville Sch. Dist. 410*, 31 Wn. App. 184, 639 P.2d 872 (1982) for its proposition that a threshold showing must be made. However, *Hopp* involved the nonrenewal of a teacher's contract, and thus, the court's discussion of a threshold showing applied only to an action which was not quasi-judicial in character. The County also cites *Kerr–Belmark Constr. Co. v. City Coun.*, 36 Wn. App. 370, 674 P.2d 684 (1984), a case where the appellant sought review of a resolution by the City of Marysville reducing the area to be served by its sewer system. The *Kerr–Belmark* court first acknowledged that statutory writs of certiorari were available for review only of actions judicial in nature. The court then held that the resolution reducing the size of the area to be served by the sewer district was not judicial or quasi-judicial in nature and, therefore, had to be reviewed under the court's inherent power. It was only in respect to review under the court's inherent power that the court required a threshold showing.

Nolan's petition for writ of review and/or mandamus, dated October 24, 1989, describes the property involved, and under the heading "Denial of Application", states:

Although the referenced application was complete and entitled the appellants to receive approval of the Master Use Permit application and its components part [*sic*] under existing county ordinances, the county has refused to approve same for the reasons set forth in the decision of the Snohomish Count[y] Hearing Examiner issued on September 7, 1989, attached.

The petition then goes on to assert that the decision of the hearing examiner was affirmed by the County Council without testimony or debate and alleges that the decision to be reviewed "is arbitrary, capricious, and/or contrary to law". Similar allegations are set forth in a declaration by Paul E. Nolan.

The written decision of the hearing examiner is 14 pages in length and quite detailed, containing 30 findings of fact and 22 conclusions of law.

■ While we have case law stating the rule that in cases of review by certiorari based upon the court's inherent power a threshold showing is required, we have no case law clearly applying that same requirement to statutory writs of review pursuant to RCW 7.16.040. This is a review of a quasi–judicial proceeding reviewable under RCW 7.16.040. We have no statute, rule, or regulation imposing upon applicants for statutory writs of certiorari a requirement of a threshold showing. If there was such a requirement for statutory writs, we conclude the necessary allegations were made in this case. The application contains the specific allegation that Nolan was entitled to receive approval of his application under existing laws and that denial was arbitrary, capricious, and/or contrary to law.

We decline to impose a requirement for more expansive allegations in an application for a statutory writ of certiorari where such a requirement is not expressed in any case, statute, rule, or regulation. We conclude that the petition for the writ of review in this case was sufficient.

CONCLUSION

Having concluded that the Snohomish County Council is not an indispensable party and that Snohomish County was

properly and timely served and the notice of intent properly and timely served, other issues discussed by the parties in their briefs need not be addressed. The judgment of the trial court is reversed and this case is remanded for further proceedings.

COLEMAN, C.J., and WINSOR, J., concur.

Review denied at 116 Wn.2d 1020 (1991).