FILED
3/27/2023
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MICHAEL SHIELDS AND BONNIE SHIELDS, | ) ) ) | No. 83947-1-I |
| Appellants, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR SAXON ASSET SECURITIES TRUST 2006-2 MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2006-2; and THE KING COUNTY SHERIFF, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) ) ) ) | |

ANDRUS, C.J. — Michael Shields and his sister, Bonnie, appeal the dismissal of their claims against the King County Sheriff and Deutsche Bank National Trust Company arising out of a 2016 judicial decree of foreclosure and subsequent sheriff's sale of Michael's home. Because the King County Sheriff is not an entity with the capacity to be sued and the trial court appropriately dismissed the claims against Deutsche Bank under the doctrine of res judicata, we affirm.

<u>FACTS</u>

In 2003, Michael Shields purchased the residential property at the center of this dispute—2805 Cedar Avenue South in Renton—from his sister, Bonnie

Citations and pin cites are based on the Westlaw online version of the cited material.

Shields.[1]  The statutory warranty deed Bonnie executed identified the purchaser as "Michael Shields, a single man."  In 2006, in an effort to refinance the property, Michael obtained an adjustable rate loan in the amount of $380,000.00 from Saxon Mortgage, Inc.  In his loan application, Michael checked a box indicating he was married.  Michael, however, executed the promissory note as the sole borrower.  Saxon funded the loan and secured it with by a deed of trust encumbering the property.  The loan was transferred to a trust with Deutsche Bank as trustee, who took possession of the original note.  *Deutsche Bank Nat'l Tr. Co. v. Shields*, No. 75044-5-I, slip op. at *2 (Wash. Ct. App. Oct. 2, 2017) (unpublished),[2] review denied, 190 Wn.2d 1013 (2018) (*Shields I*).  Saxon endorsed the note to Deutsche Bank.  *Id*.

In August 2014, after Michael defaulted on the loan, Deutsche Bank filed a lawsuit seeking to judicially foreclose the deed of trust in King County Superior Court number 14-2-22618-7 KNT.  Deutsche Bank named both Michael and Bonnie as defendants as well as "all other persons or parties unknown claiming any right, title, estate, lien, or interest" in the property.  The court entered a judgment and decree of foreclosure in Deutsche Bank's favor and against Michael and Bonnie on March 14, 2016.  The judgment identified Michael as the judgment debtor, with a principal amount owing of $443,284.02, with an additional $212,127.09 owing in prejudgment interest, for a total judgment of $655,375.11.

---

[1] Because Michael and Bonnie share a last name, we will refer to them by their first names for clarity.  No disrespect is intended.
[2] https://www.courts.wa.gov/opinions/pdf/750445.pdf

The court also imposed postjudgment interest on the $655,375.11 judgment at a rate of 12 percent per annum.

The court ordered the deed of trust foreclosed and authorized the sale of the property to satisfy the judgment. The court also adjudicated the rights of any other person claiming to hold an interest in the property. The judgment provided:

> By foreclosure and sale, the rights of each of the defendants and all persons claiming through or under them, as purchasers, encumbrancers, or otherwise, are adjudged inferior and subordinate to the Deed of Trust and forever foreclosed of all interest, lien, or claim in the Subject Property described above and every portion thereof.

This court affirmed the judgment and decree of foreclosure in 2017. *Shields I,* slip. op at 1. After the Supreme Court denied review, this court issued a mandate terminating review on July 27, 2018. *Deutsche Bank Nat'l Tr. Co. v. Shields*, No. 80913-0-I, slip op. at 3 (Wash. Ct. App. November 16, 2020) (unpublished),[3] review denied, 197 Wn.2d 1010 (2021) (*Shields II).*

While *Shields I* was pending, on April 15, 2016, the clerk of court issued a writ for an order of sale and the Sheriff's Office sold the property at public auction to Deutsche Bank for $352,900.00 on June 10, 2016. The court rescinded the sale on June 14, 2019 with Deutsche Bank's consent,[4] but it ruled that the March 2016 judgment and decree of foreclosure remained valid and in full effect, including the ongoing accrual of post-judgment interest.

---

[3] https://www.courts.wa.gov/opinions/pdf/809130.pdf.
[4] The trial court's reason for rescinding the sale three years after the fact is not clear from the record before this court, but Michael alleged he was not provided notice of a February 2019 motion to confirm the sale in violation of RCW 6.21.110(2) and the Sheriff's return on the sale was not filed within 60 days of the issuance of the writ in violation of RCW 6.17.120.

At some point, Michael and Bonnie moved to vacate the judgment of foreclosure, claiming that the foreclosure order was void. *Shields II,* slip op. at 3. When the trial court denied this motion, Michael and Bonnie appealed a second time. *Id.* This court affirmed, concluding "there is no basis to conclude the judgment was void under CR 60(b)(5)." *Id.* at 7.

On October 4, 2019, at Deutsche Bank's request, the court entered a new order of sale. The order required the Sheriff to file a return on the sale within 60 days and granted an automatic extension for purposes of the sale for an additional 30 days. The Sheriff sold the property to Deutsche Bank for $392,590.00 on December 9, 2019. On January 16, 2020, Deutsche Bank notified Michael and Bonnie of its pending motion to confirm the Sheriff's sale. They filed no objection and the court confirmed the sale on February 5, 2020.

On October 9, 2020, Deutsche Bank served Michael and all other occupants of the Renton property with a "Notice of Expiration of Redemption Period." This notice revealed that the property had been sold by sheriff's sale on December 6, 2019, that the redemption period commenced that day, that it expired on December 6, 2020, and that Michael could redeem the property by paying the bank the total amount of $436,105.09.

On September 28, 2021, Michael and Bonnie Shields filed this lawsuit against Deutsche Bank and "the King County Sheriff," arguing that the 2019 sale and the court's confirmation of that sale was illegal. Specifically, they contended that Michael's ex-wife, Nancy Shields, held a community interest in the property and had never consented to the deed of trust encumbering the property, and that,

as a result, Michael was entitled to the benefits of a homestead exemption under chapter 6.13 RCW. Michael and Bonnie also argued that Deutsche Bank illegally claimed interest between the date of the rescinded 2016 sale and the date of the September 2019 sale. Finally, they objected to the sale price as not representative of the property's true and fair value.

Michael and Bonnie alleged that they do not seek to have the sale rescinded, but instead sought declaratory relief relating to a variety of alleged statutory violations and an award of monetary damages equal to what they claim is Michael's homestead exemption, interest that accrued on the judgment between June 10, 2016 to the present, and the value of Nancy's community interest in the property.

Both defendants moved to dismiss the complaint under CR 12(b) and (c). The trial court granted the motions, dismissing all claims against both the King County Sheriff and Deutsche Bank with prejudice. Michael and Bonnie appeal.

## ANALYSIS

We review a trial court's ruling to dismiss a claim under CR 12(b)(6) de novo. *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 329-30, 962 P.2d 104 (1998). Dismissal is warranted only if the court concludes, beyond a reasonable doubt, the plaintiff cannot prove "any set of facts which would justify recovery." *Id.* The court presumes all facts alleged in the plaintiff's complaint are true and may consider hypothetical facts supporting the plaintiff's claims. *Id.* at 330. We treat a CR 12(c) motion for judgment on the pleadings identical to a CR 12(b)(6) motion

and review dismissal under that rule de novo as well. *P.E. Sys., LLC v. CPI Corp.*, 176 Wn.2d 198, 203, 289 P.3d 638 (2012).

<u>Dismissal of Claims Against the King County Sheriff</u>

Michael and Bonnie contend the trial court erred in dismissing their claims against the King County Sheriff's Office (KCSO) with prejudice. We disagree. As the KCSO correctly notes, in Washington, county agencies, departments, and boards are not separate entities with the capacity to sue and be sued. *Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990); *Foothills Dev. Co. v. Clark County Bd. of County Comm'rs*, 46 Wn. App. 369, 376-77, 730 P.2d 1369 (1986). Michael and Bonnie appear to concede this point, stating "the court was obliged to dismiss the case against [KCSO] with prejudice, but with leave to amend the complaint, even if the court believed the claims were without merit. The court lacked subject matter jurisdiction over Plaintiffs' claims against [KCSO] and therefore lacked the legal authority to decide the merits of the claims." But this self-contradicting argument appears to stem from a misunderstanding of the trial court's order.

The trial court dismissed the claims against KCSO with prejudice on the basis that the KCSO may not be sued. Dismissal with prejudice is appropriate where dismissal without prejudice would be pointless. *Elliot Bay Adjustment Co. v. Dacumos*, 200 Wn. App. 208, 212, 401 P.3d 473 (2017). Because KCSO cannot legally be sued, it would be pointless to dismiss Shields's claims against that party without prejudice. Once a lawsuit is dismissed, there is no pending complaint to amend.

If Michael and Bonnie had wished to amend their complaint to name King County as the defendant, they could have moved to amend before the trial court dismissed their lawsuit. They did not do so and the trial court appropriately dismissed the complaint against KCSO for failure to state a claim.[5] We affirm dismissal of the claims against KCSO with prejudice.

### Insufficient Service on Deutsche Bank

Michael and Bonnie similarly challenge the trial court's dismissal of their claims against Deutsche Bank, arguing that if they failed to properly serve the bank, any dismissal should have been without prejudice.

Michael and Bonnie appear to concede on appeal that they failed to properly serve Deutsche Bank. In serving companies or corporations, plaintiffs are required to serve "the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." RCW 4.28.080(9). Michael and Bonnie admit they did not effectuate service under RCW 4.28.080(9), but instead served an attorney, Synova Edwards, who represented Deutsche Bank in *Shields II*, but had not yet appeared as the bank's counsel in this case.[6]

---

[5] KCSO asks this court to affirm the dismissal of Michael's and Bonnie's claims against the county as well as against the Sheriff's Office because the county owed no duty to these judgment debtors to ensure that Deutsche Bank complied with state law in conducting the foreclosure sale. But the trial court did not reach the merits of Michael and Bonnie's claims against King County and we need not reach that issue here to affirm the trial court's order of dismissal.

[6] Michael and Bonnie argued below that Edwards represented to Bonnie's daughter, who delivered the summons and complaint to Edwards, that she had the authority to accept service of process on Deutsche Bank's behalf. Michael and Bonnie do not make that argument on appeal.

Deutsche Bank moved to dismiss for lack of proper service, in addition to several substantive grounds for dismissal, arguing that the court could assume the existence of personal jurisdiction and adjudicate the merits in its favor, thereby obviating the need to decide the jurisdictional question. The trial court held that Michael and Bonnie failed to effectuate service of process under CR 12(b)(5), but also failed to state a claim for which relief may be granted under CR 12(b)(6).

Michael and Bonnie argue that the trial court's ruling on service "left the court devoid of power to decree that (1) Plaintiffs' complaint failed to state a claim upon which relief could be granted and (2) amendment of the complaint would be futile." They cite *State v. Nw Magnesite Co.*, 28 Wn.2d 1, 42, 182 P.2d 643 (1947), in which our Supreme Court held that the trial court, having no personal jurisdiction over the defendants in that case by reason of lack of proper service, "had no power to pass upon the merits of the state's case as against those parties."

Michael and Bonnie are correct that Deutsche Bank's request that the trial court dismiss their claims with prejudice under the doctrine of res judicata is inconsistent with its defense of lack of personal jurisdiction. But a party may waive the defense of insufficient service of process. *Lybbert v. Grant County*, 141 Wn.2d 29, 38-39, 1 P.3d 1124 (2000). Deutsche Bank specified in its motion to dismiss that it raised the defense of improper service as an alternative to its arguments on the merits. Because the trial court concluded that the action was barred under res judicata—a dismissal based on the merits of one of the bank's defenses—we deem the defense of insufficient service to be waived and will proceed as though the complaint was dismissed solely for failure to state a claim under res judicata.

- 8 -

Res Judicata

Finally, Michael and Bonnie argue the trial court erred in dismissing their claims against Deutsche Bank under the doctrine of res judicata, claiming that their claims are unrelated to any issue litigated in *Shields I* or *Shields II*. But most of the claims could have been litigated in the foreclosure action because they are all based on the contention that Deutsche Bank lacked the statutory authority to foreclose on Michael's deed of trust.

We review whether res judicata applies de novo. *Matter of Recall of Fortney*, 199 Wn.2d 109, 124, 503 P.3d 556 (2022). "Filing two separate lawsuits based on the same event—claim splitting—is precluded in Washington." *Landry v. Luscher*, 95 Wn. App. 779, 780, 976 P.2d 1274 (1999). Res judicata prohibits the relitigation of claims and issues that were litigated or could have been litigated in a prior action. *Loveridge v. Fred Meyer, Inc.*, 125 Wn.2d 759, 763, 887 P.2d 898 (1995). A threshold requirement of res judicata is a final judgment on the merits in the prior suit. *Matter of Rights to Use of Surface Waters of Yakima River Drainage Basin*, 198 Wn.2d 687, 706, 498 P.3d 911 (2021). The confirmation of a sheriff's sale in a judicial foreclosure action is a final judgment. *Mueller v. Miller*, 82 Wn. App. 236, 250, 917 P.2d 604 (1996).

Res judicata applies when the two actions have identity of (1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made. *Hadley v. Cowan*, 60 Wn. App. 433, 441, 804 P.2d 1271 (1991).

The persons and parties involved in *Shields I* and *Shields II* and the present lawsuit—Deutsche Bank and Michael and Bonnie Shields—are the same and appeared in the same capacity in each case, thereby satisfying the third and fourth elements.

The second element is also satisfied. Causes of action are identical for res judicata if (1) prosecution of the later action would impair the rights established in the earlier action, (2) the evidence in both actions is substantially the same, (3) infringement of the same right is alleged in both actions, and (4) the actions arise out of the same nucleus of facts. *Civil Serv. Comm'n v. City of Kelso*, 137 Wn.2d 166, 171, 969 P.2d 474 (1999) (citing *Rains v. State*, 100 Wn.2d 660, 664, 674 P.2d 165 (1983)).

Michael and Bonnie seek a ruling that the 2019 foreclosure sale was illegal as well as damages for what they contend is the "conversion" or theft of their interest (or Nancy Shields's alleged interest) in the foreclosed property. Allowing Michael and Bonnie to prosecute a claim against Deutsche Bank for what is in essence a claim of wrongful foreclosure would affect the rights established by the judgment and decree of foreclosure, which effectively nullified any legal or equitable rights to the property that Michael, Bonnie or any third party had in the property.

Michael and Bonnie argue that there is no identity of subject matter because their new causes of action did not exist at the time the court entered the foreclosure judgment. They claim that "every Deutsche action about which [we] complain in

the [first amended complaint] occurred *after* Deutsche obtained the [2016] Judgment." There are several problems with this argument.

First, their new claims are based on the underlying assertion that the Saxon deed of trust is invalid. The thrust of the new complaint is that even though the property is titled solely in Michael's name as a "single person," he was not single when he obtained refinancing from Saxon, that the property became community property, that his wife, Nancy, did not execute the promissory note or the deed of trust, that the deed of trust was therefore invalid, and there was no basis for ordering a foreclosure on that deed of trust. He also seems to argue that Nancy has some homestead rights in the property. But even though Nancy did not come forward to advance this specific factual claim in *Shields I* or *Shields II*, she certainly could have raised it there. And to the extent Michael contends that he can prosecute such a claim on Nancy's behalf, he too could have raised this claim in *Shields I* or *Shields II.* The validity of Deutsche Bank's deed of trust was explicitly the focus of Michael's attempts to prevent foreclosure in 2014. Because these claims could have been raised in the foreclosure lawsuit, they are barred by res judicata.

Second, Michael and Bonnie are not seeking to rescind this sale. They are seeking monetary damages based on what they claim was an unlawful foreclosure sale. Michael and Bonnie argue that they could not object to the 2019 sale because they did not receive notice of the 2020 sale confirmation hearing. But they conceded below that Deutsche Bank provided the court with a certificate of service showing that it had sent notice of the confirmation hearing by first class

- 11 -

and certified mail, with a return receipt requested. Michael and Bonnie challenged this certificate of service was inadequate, arguing that Deutsche Bank did not produce a receipt showing that they had in fact received the documents the bank mailed to them. If their allegations of lack of notice are true, such a defect may have been a basis to rescind the sale. But that is not the relief they seek here. They fail to explain how a lack of notice of the 2019 sale or the 2020 sale confirmation hearing would entitle them to monetary damages based on an alleged homestead exemption or Nancy's alleged community property rights to some portion of the sale proceeds.

Finally, many of the statutory violations Michael and Bonnie now allege would have occurred long before the 2019 sheriff's sale. They argue, for example, that Deutsche Bank, before seeking a foreclosure sale, should have filed an affidavit under RCW 6.17.100 attesting that Michael lacked sufficient nonexempt personal property to satisfy the judgment. And they argue Deutsche Bank failed to apply for the appointment of an appraiser of homestead property under RCW 6.13.100. But whether Deutsche Bank was legally required to comply with these statutory provisions before foreclosing on the deed of trust were issues that Michael could have litigated in 2016 when the bank obtained its first writ for an order of sale.

Michael and Bonnie also claim that Deutsche Bank "illegally accrued interest" on the loan between the entry of the order rescinding the 2016 sale and the 2019 sale. But the trial court imposed post-judgment interest on the debt Michael owed to the bank in the March 2016 judgment. The interest now accruing

is on that judgment, not on the underlying promissory note. This court affirmed that judgment, including the award of post-judgment interest, in *Shields I.* To the extent Michael had a legal basis to challenge the imposition of post-judgment interest, he could have and should have litigated the issue at the time the court entered judgment against him or on the initial appeal.

Finally, Michael and Bonnie argue that the sale price did not reflect the property's fair market value and the auction price should have paid off the judgment in full. This allegation might provide a basis for voiding a sale on equitable grounds. *See Albice v. Premier Mortg. Servs. of Wash., Inc.*, 157 Wn. App. 912, 932-33, 239 P.3d 1148 (2010) (inadequate purchase price together with other unfair procedures may provide equitable grounds to set aside a foreclosure sale). But that is *not* the claim they pleaded below and they have affirmatively disavowed any request to rescind the sale.

Because the claims Michael and Bonnie allege against Deutsche Bank for which they seek monetary relief either were litigated or could have been litigated in the foreclosure proceeding, the claims are barred by the doctrine of res judicata.

Affirmed.

Andrus, C.J.

WE CONCUR:

Brennan, J.

Smith, A.C.J.