[No. 31978-7-I.   Division One.   March 21, 1994.]
R/L Associates, Inc., *Respondent*, v. The City of Seattle, *Appellant*.

*Mark H. Sidran, City Attorney,* and *Robert Tobin, Assistant,* for appellant.

*Richard B. Sanders* and *Sanders Law Office,* for respondent.

Webster, C.J. — The City of Seattle appeals a summary judgment claiming collateral estoppel did not apply, a land use variance is not a property interest, the action was barred by its nonclaim statute, res judicata did not bar dismissal, and the court improperly awarded attorneys' fees. We affirm the award of damages under 42 U.S.C. § 1983 and remand for recalculation of attorneys' fees.

FACTS

In 1989 R/L proposed to build a house (10 feet wide) on a 21-foot by 102-foot lot at the corner of N.W. 65th and 21st streets in Seattle and submitted an application for a variance to limit the setback to 5 feet on 65th street, the side of the lot. Seattle single family residential zones require a 5-foot side yard setback. However, the side yard setback is 10 feet for a reverse corner lot. Seattle Municipal Code (SMC) 23.44.014(C). In reviewing R/L's application Seattle's Department of Construction and Land Use (DCLU) found that its lot was a reverse corner lot and conditioned approval on the structure being limited to two stories rather than three (as proposed) and that any vegetation or fence at the street intersection not exceed 3 feet. R/L appealed to Seattle's hearing examiner who denied the variance, reasoning that without disclosure of how the lot would be developed (R/L had not submitted a revised development plan) it was not possible to meaningfully apply the City's variance criteria. R/L appealed. On March 29, 1991, the Superior Court reversed, finding that the hearing examiner's decision was arbitrary, capricious or unlawful, and awarded R/L statutory costs. Seattle then approved the variance and did not appeal.

R/L filed its complaint for money damages on May 16, 1991. The court partially granted Seattle's motion for summary judgment dismissing three of R/L's causes of action, including its section 1983 claim. Seattle moved for summary judgment on the remaining RCW 64.40 claim; the court granted R/L's cross motion.

Based on the subsequent decision in *Lutheran Day Care v. Snohomish Cy.*, 119 Wn.2d 91, 829 P.2d 746 (1992), *cert. denied*, 113 S. Ct. 1044 (1993), R/L moved for reconsideration of the order dismissing its section 1983 claim. The court reversed its decision and held Seattle also liable on substantive due process grounds under section 1983; and awarded R/L attorneys' fees. The case then went to arbitration and because the liability issues had been determined the hearing was limited to the calculation of damages. The arbitrator awarded R/L $26,719.39 in damages and $18,145.58 in attor-

ney's fees. Seattle filed a motion for trial de novo. The amount of damages was stipulated, and the court granted R/L's summary judgment motion including costs of suit based upon RCW 64.40 and section 1983.

I

Seattle claims that the court erred in awarding damages and attorneys' fees under RCW 64.40. It argues that the RCW 64.40 claim was barred by the statute of limitations because the damage claim was not filed within 30 days of the hearing examiner's decision on December 17, 1990. We agree.

RCW 64.40.030 provides:

> Any action to assert claims under the provisions of this chapter shall be commenced only within thirty days after all administrative remedies have been exhausted.

■ The statute expresses the time to file claims in terms of administrative remedies, and the final administrative remedy, here, was the hearing examiner's denial of the variance. The hearing examiner denied the issuance of the variance on December 17, 1990. On December 20, 1990, R/L appealed to the Superior Court, seeking a writ of review. The court's March 29, 1991, summary judgment order was a judicial remedy. R/L filed this action on May 16, 1991, 147 days after the hearing examiner's final decision; its claim was barred. The award of damages under RCW 64.40 was therefore improper.

However, we affirm on the basis of 42 U.S.C. § 1983 claim and remand for recalculation of attorneys' fees in accordance with this opinion.

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. See RCW 2.06.040; CAR 14.

COLEMAN and KENNEDY, JJ., concur.

Reconsideration denied April 25, 1994.

Review denied 125 Wn.2d 1006 (1994).