[No. 33342-9-I.    Division One.    February 13, 1995.]

MICHAEL HAYES, *Respondent*, v. THE CITY OF SEATTLE, *Appellant.*

*Mark H. Sidran, City Attorney*, and *Robert Tobin, Assistant*, for appellant.

*Richard Sanders*, for respondent.

BAKER, A.C.J. — The City of Seattle (City) appeals from summary judgment and an award of attorney fees in favor of Michael Hayes in an action for damages caused by the City Council's (Council) improper imposition of conditions on Hayes' master use permit. The City contends Hayes' damage claim under RCW 64.40 is time barred and that Hayes' action for damages is precluded under res judicata. We hold that Hayes' action under 42 U.S.C. §§ 1983 and 1988 is not precluded by res judicata and affirm summary judgment for Hayes under that theory.

Hayes applied to the City for a master use permit to build a 4-story, 10-unit apartment house on property zoned "Neighborhood Commercial". The property is adjacent to an existing residence in a single-family residential zone. After a neighbor in the single-family zone opposed the project, it was scaled down. The Seattle Department of Construction and Land Use (DCLU) approved a revised project for a 3-story, 8-unit building.

The neighbor appealed, and the hearing examiner upheld the DCLU decision. The neighbor then appealed to the Council which allowed the project, subject to a reduction in the building's length. Hayes filed a superior court action seeking a writ of review of the Council's action.[1] The complaint requested attorney fees pursuant to RCW 43.21C.075(9) but did not request damages. The trial court remanded the matter to the Council for reconsideration of the length restriction. On remand, the Council deleted its additional condition and affirmed the decision of the hearing examiner.

Thirty days later, Hayes filed the present superior court action against the City seeking damages under RCW 64.40.020 (arbitrary, capricious or unlawful agency action on land use permits) and 42 U.S.C. § 1983 (violation of federal constitutional civil rights, hereafter section 1983).[2] The trial court granted Hayes' motion for summary judgment and awarded damages and attorney fees under RCW 64.40.020. The trial court did not consider Hayes' section 1983 claim.

---

[1] King County Superior Court cause 90-2-00287-0 (Jan. 2, 1990).

[2] King County Superior Court cause 90-2-25587-5 (Dec. 26, 1990).

I

■ The City contends Hayes' RCW 64.40.020 claim is barred because it was brought more than 1 year after the initial decision of the Council to modify the hearing examiner's ruling. We agree. RCW 64.40.030 provides that any action for damages under RCW 64.40 must be commenced within 30 days after administrative remedies have been exhausted.[3] In *R/L Assocs., Inc. v. Seattle*, 73 Wn. App. 390, 869 P.2d 1091, *review denied*, 125 Wn.2d 1006 (1994), a developer filed its RCW 64.40 action for damages after the City approved the variance following the Superior Court's reversal of the hearing examiner. Reversing an award under RCW 64.40, this court held:

> The statute expresses the time to file claims in terms of administrative remedies, and the final administrative remedy, here, was the hearing examiner's denial of the variance. . . . The [first court's] summary judgment order was a judicial remedy. R/L filed this action . . . 147 days after the hearing examiner's final decision; its claim was barred.

*R/L Assocs.*, 73 Wn. App. at 392. Following *R/L Assocs.*, the decision of the Council to restrict the building length was the final administrative remedy and Hayes' RCW 64.40.020 claim, filed more than 30 days later, is therefore barred.[4]

---

[3]We observe that the 30-day limitation period is consistent with the same short period in which an appeal must be taken from the agency action. *See Concerned Organized Women v. Arlington*, 69 Wn. App. 209, 847 P.2d 963, *review denied*, 122 Wn.2d 1014 (1993). Application for a writ of review and a claim for damages under RCW 64.40 should be brought as a single action. *See Lutheran Day Care v. Snohomish Cy.*, 119 Wn.2d 91, 829 P.2d 746 (1992), *cert. denied*, 113 S. Ct. 1044 (1993). Even where the separate claims are disposed of sequentially, this approach makes clear to all parties what is at stake in the review process and efficiently disposes of all claims.

[4]Our resolution of this issue makes it unnecessary to address the City's argument that the Council's action was not an "act" for purposes of RCW 64.40.010(6). " 'Act' shall not include lawful decisions of an agency which are designed to prevent a condition which would constitute a threat to the health, safety, welfare, or morals of residents in the area." RCW 64.40.010(6).

In its opening brief, the City also argues that Hayes' RCW 64.40 action for damages should have been dismissed for failure to file a claim for damages with the City as required by Seattle Municipal Code (SMC) 5.24.005. Subsequently, the Supreme Court determined that "RCW 4.96.010 and RCW 64.40.020 do not authorize Seattle to impose compliance with its ordinance, SMC 5.24.005, as a condition precedent to bringing an action under RCW 64.40.020." *Wilson v. Seattle*, 122 Wn.2d 814, 825, 863 P.2d 1336 (1993).

## II

The City contends Hayes' action for damages is also barred by res judicata because it should have been joined with Hayes' writ action. Allowing separate writ and damages actions relating to the same permit application offends the purpose of the doctrine of res judicata, which is to avoid multiple lawsuits or splitting causes of action. *Schoeman v. New York Life Ins. Co.*, 106 Wn.2d 855, 859, 726 P.2d 1 (1986) (citing *Meder v. CCME Corp.*, 7 Wn. App. 801, 805, 502 P.2d 1252 (1972), *review denied*, 81 Wn.2d 1011 (1973)).

Hayes could have combined his writ and damages claims into a single action. *See Lutheran Day Care v. Snohomish Cy.*, 119 Wn.2d 91, 97, 829 P.2d 746 (1992), *cert. denied*, 113 S. Ct. 1044 (1993). Had he done so, he would have had an opportunity to litigate all the issues relating to his permit application in one action.

■■ Were it not for the very short limitation period in which a writ may be sought, we would be inclined to apply res judicata to section 1983 claims which are not combined with their related writ actions. However, section 1983 claims are governed by a 3-year limitation period. *Robinson v. Seattle*, 119 Wn.2d 34, 86, 830 P.2d 318, *cert. denied*, 113 S. Ct. 676 (1992). If res judicata applied, the limitation period for section 1983 claims involving land use permits would be effectively reduced from 3 years to 30 days. This result is incompatible with and must yield to the policies which underlie the 3-year period for section 1983 claims.

The 3-year limitation period is required by the federal courts' determination that a uniform application of state law limitation periods for personal injury actions is best suited to the remedial purposes of section 1983. *Robinson*, 119 Wn.2d at 85 (citing *Wilson v. Garcia*, 471 U.S. 261, 276, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985)). "The characterization of all § 1983 actions as involving claims for personal injuries minimizes the risk that the choice of a state statute of limitations would not fairly serve the federal interests vindicated by § 1983." *Wilson*, 471 U.S. at 279. Under *Wilson* and *Robinson*, the short limitation period for actions for writs of review cannot impose itself, directly or indirectly, on the parallel

federal cause of action. Consequently, a section 1983 claim is not foreclosed under res judicata by a claimant's failure to join it with a state claim which must be brought within a shorter period.

## III

We affirm summary judgment for Hayes under section 1983 and remand for recalculation of the award of attorney fees in accordance with the unpublished portion of this opinion.[5]

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

WEBSTER and BECKER, JJ., concur.

Review granted at 127 Wn.2d 1009 (1995).

---

[5]The liability standard for claims under RCW 64.40.020(1) and section 1983 are apparently the same. The City does not argue otherwise.

RCW 64.40.020(1) creates a cause of action for damages where agency action on a permit application is "arbitrary, capricious, unlawful, or exceed[s] lawful authority[.]" The denial of a land use permit also constitutes a violation of substantive due process under section 1983 "if the decision to deny the permit is 'invidious or irrational' or 'arbitrary or capricious'." *Lutheran Day Care*, 119 Wn.2d at 125 (citing *R/L Assocs., Inc. v. Seattle*, 113 Wn.2d 402, 412, 780 P.2d 838 (1989)). In *Lutheran Day Care* a finding that the County's denial of a conditional use permit was arbitrary and capricious, for purposes of RCW 64.40.020(1), conclusively satisfied the test for a violation of due process under section 1983. *Lutheran Day Care*, 119 Wn.2d at 116, 125.

In light of *Sintra, Inc. v. Seattle*, 119 Wn.2d 1, 23, 829 P.2d 765, *cert. denied*, 113 S. Ct. 676 (1992),

there is certainly some genuine confusion over what role a finding of arbitrary and capricious conduct, under the traditional standard, plays in establishing a section 1983 substantive due process violation. Any clarification, however, must come from our Supreme Court.

*Norquest/RCA-W Bitter Lk. Partnership v. Seattle*, 72 Wn. App. 467, 483, 865 P.2d 18, *review denied*, 124 Wn.2d 1021 (1994).

Attorney fees may be awarded to a prevailing plaintiff under either RCW 64.40.020(2) or 42 U.S.C. § 1988. *See Lutheran Day Care*, 119 Wn.2d at 128.