[No. 10790–9–I.   Division One.   January 9, 1984.]

KERR–BELMARK CONSTRUCTION COMPANY, *Appellant,* v.
THE CITY COUNCIL OF THE CITY OF
MARYSVILLE, *Respondent.*

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S.,*
*Terence P. Lukens,* and *William H. Beaver, Jr.,* for appel-
lant.

*James H. Allendoerfer, City Attorney,* for respondent.

WILLIAMS, J.—Kerr–Belmark appeals a summary judg-
ment denying its application for review in superior court by
writ of certiorari of a City of Marysville's resolution reduc-
ing its Sewer Utility Service Area. We affirm.

In 1977, the City of Marysville established a Sewer Util-
ity Service Area for utility extensions to properties located
outside the city limits. Two years later, a crisis developed in
the overuse of the sewer lagoon and the City took steps to
reduce the growth of its sewer utility system. Following a 2–
year study of the problem, the City enacted a resolution
withdrawing 4,170 acres from the previously established
service area.

Kerr–Belmark Construction, a land development com-
pany, had bought 42 acres of unimproved land in 1977 with
the intent of subdividing it for residential housing. The
property, located 3.4 miles outside the city limits, is zoned
to permit residential development, and at the time of
acquisition was inside the Sewer Utility Service Area.

At a public hearing conducted by the city council on the
resolution to withdraw the 4,170 acres, Kerr–Belmark's
request that its 42 acres be permitted to remain within the
service area was denied although the request of another
property owner to keep 4.7 acres in the area was granted.

STATUTORY WRIT OF CERTIORARI

Kerr–Belmark first contends that Marysville's action is
reviewable by the statutory writ of certiorari, RCW 7.16-
.040, arguing that Marysville's decision to reduce its utility
service area by 4,170 acres required making decisions about
smaller specific parcels and thus was a "quasi–judicial"
function.

Statutory writs of certiorari (RCW 7.16) are avail-

able only for review of actions "judicial" in nature. A 4-part test for determining when administrative actions are judicial has been developed:

> (1) whether a court could have been charged with making the agency's decision; (2) whether the action is one which historically has been performed by courts; (3) whether the action involves the application of existing law to past or present facts for the purpose of declaring or enforcing liability; and (4) whether the action resembles the ordinary business of courts as opposed to that of legislators or administrators.

*Washington Fed'n of State Employees v. State Personnel Bd.*, 23 Wn. App. 142, 145–46, 594 P.2d 1375 (1979). *Williams v. Seattle Sch. Dist. 1*, 97 Wn.2d 215, 218–19, 643 P.2d 426 (1982).

The resolution contracting the service area was based upon the operational capacity of the sewer lagoon which is not in dispute. Such management of a sewer utility is not the "ordinary business of courts" and does not involve the "process of applying existing law to past or present facts." The public hearing held on the resolution did not resemble a judicial hearing: there was no right of legal representation with direct and cross examination, no resolution of disputed questions of fact, and no entry of findings of fact or reasons for the decision. The meeting was an opportunity for the public to present its views. The City's decisionmaking process spanned 2 years and included numerous staff reports; public meetings and hearings; resolutions and ordinances; Snohomish County Boundary Review Board proceedings; and joint City and council meetings. The City's action in enacting the resolution does not meet the quasi-judicial criteria, *Williams*, at 220; it was an exercise of administrative discretion.

Kerr–Belmark argues the comparison of Marysville's action to zoning actions, suggesting that application of the zoning law analysis in *Fleming v. Tacoma*, 81 Wn.2d 292, 502 P.2d 327 (1972) leads to the conclusion that the action was quasi-judicial. However, the facts in *Fleming* involve a different administrative decision requiring the adjudication

of rights between property owners. There, land developers were granted rezoning from single family dwellings to multiple family dwellings to construct high–rise condominiums. Neighbors living adjacent to the rezoned property opposed the change because their view of Puget Sound would be obstructed and property values would go down. The rezoning decision was held to be quasi–judicial, because such decisions are "in effect . . . an adjudication between the rights sought by the proponents and those claimed by the opponents of the zoning change." *Fleming,* at 299. That a parcel of land was included while Kerr–Belmark's was excluded does not change this action into an "adjudication of rights" between one property owner and another.

### Constitutional Grounds for Certiorari

Kerr–Belmark next contends that even if Marysville's action is nonjudicial in nature, it is entitled to review under the court's inherent powers of review because it set forth a prima facie case that the action was arbitrary and capricious.

■ The superior court is empowered to review nonjudicial agency actions under its inherent powers, *Williams v. Seattle Sch. Dist. 1, supra,* and review is not contingent upon a separate showing that the action violated fundamental rights. *Williams.* But the scope of review is limited to determining whether the agency's conclusions were, as a matter of law, arbitrary, capricious, or contrary to law. *Williams.* The court, "in deciding whether to grant review, looks initially to the petitioner's allegations to determine whether, if true, they clearly demonstrate such a violation." *King Cy. v. State Bd. of Tax Appeals,* 28 Wn. App. 230, 238, 622 P.2d 898 (1981). Arbitrary and capricious means:

> willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action. Where there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous.

*Dorsten v. Port of Skagit Cy.,* 32 Wn. App. 785, 793, 650

P.2d 220, *review denied,* 98 Wn.2d 1008 (1982), quoting *Abbenhaus v. Yakima,* 89 Wn.2d 855, 858–59, 576 P.2d 888 (1978).

Kerr–Belmark made the following allegations in its application for a writ of certiorari:

1. Marysville's action violated its own procedural rules, did not give Kerr–Belmark notice of the hearing, and did not give Kerr–Belmark a fair opportunity to be heard;

2. Marysville's action did not further the goals reflected in the draft comprehensive plan; and

3. Marysville erred in excluding Kerr–Belmark's property while including less qualified property.

These are bare assertions with no supporting facts of any kind and do not demonstrate that Marysville's action was "willful and unreasoning . . . taken without regard to consideration of the facts and circumstances . . ." *Dorsten,* at 793. Because Kerr–Belmark did not meet its burden of showing that the action was arbitrary and capricious or contrary to law, the trial court was correct.

Affirmed.

CORBETT, A.C.J., and SWANSON, J., concur.

Reconsideration denied March 12, 1984.

Review denied by Supreme Court May 25, 1984.