[No. 35980-1-I. Division One. August 26, 1996.]

STEVEN FOSTER, ET AL., *Appellants*, v. KING COUNTY, ET AL., *Respondents*.

---

[7] *Christen*, 113 Wn.2d at 492.

340

*John M. Groen* and *Groen & Stephens*, for appellants.

*Norm Maleng, Prosecuting Attorney*, and *Cassandra Newell, Deputy*, for respondents.

WEBSTER, J. — Steven and Terry Ann Foster appeal a summary judgment order dismissing their complaint for writ of review of a SEPA threshold determination. We affirm because interlocutory judicial review of threshold

determinations is not available under SEPA or by statutory writ, and the trial court did not abuse its discretion in denying a constitutional writ. The Fosters also appeal the court's dismissal of their claim for damages under RCW 64.40. Because the damages claim must be heard with the related SEPA claim, we affirm.

## FACTS

The Fosters own a dairy farm in Carnation, Washington. In 1988, they applied for a conditional use permit to create a water-ski pond on the property. King County issued a Determination of Significance (DS) under the State Environmental Policy Act (SEPA), requiring an environmental impact study (EIS). *See* RCW 43.21C.031. The Fosters withdrew their application, but began excavating without a permit in 1992. When the County learned of the project, it issued a stop work order. After the Fosters submitted a proposal for a "critter pond," the County granted an emergency exemption, allowing them to complete the grading. They continued the excavation at night, however, exceeding the scope of the exception. The County initiated an injunction and enforcement action. The superior court issued a preliminary injunction and ordered the Fosters to perform certain tests and actions on the property and to apply retroactively for grading and Shoreline Substantial Development permits. They applied for a grading permit and submitted an environmental checklist, stating that the 2,000 by 250 foot pond was primarily for irrigation purposes. The County again issued a DS, requiring the preparation of an EIS under SEPA. *See* RCW 43.21C.031.

The Fosters appealed the threshold decision to the King County Zoning and Subdivision Examiner, who conducted an eleven-day hearing. In a twenty-eight page opinion, the hearing officer found that the record supports analysis of the pond as both a ski pond and as an agricultural irrigation facility. He concluded that the pond's probable environmental impacts as a combined water-ski and ir-

rigation facility are significant and upheld the DS. Because the pond's impacts would be more manageable without the ski use, the hearing officer concluded that a Mitigated Determination of Non-significance (MDNS) would be appropriate if the Fosters revise their proposal to restrict the pond to agricultural uses. An MDNS does not require an EIS. WAC 197-11-350.

The Fosters petitioned the superior court for a statutory writ of review under RCW 7.16 or, in the alternative, a constitutional writ of review. Additionally, the Fosters requested statutory damages under RCW 64.40. The trial court granted the County's motion for summary judgment and denied the Fosters' motion for reconsideration.

## DISCUSSION

### Availability of Judicial Review

■ Washington recognizes three methods of judicial review of administrative decisions: (1) direct appeal pursuant to a statute or ordinance, (2) statutory writ of review under RCW 7.16.040 (also known as statutory certiorari), and (3) discretionary review pursuant to the court's inherent constitutional power (also known as constitutional or common law certiorari). *Kreager v. Wash. State Univ.*, 76 Wn. App. 661, 664, 886 P.2d 1136 (1994).

### Direct Appeal Under SEPA

■ In 1983, the Legislature amended SEPA to expressly provide for judicial review of SEPA compliance. LAWS OF 1983, ch. 117, § 4. Before that time, SEPA claimants commonly sought review by statutory writ. *See, e.g., Short v. Clallam County*, 22 Wn. App. 825, 593 P.2d 821 (1979). Although SEPA now expressly allows judicial review, it provides for only limited review of threshold procedural determinations, such as the DS at issue here. A claimant may administratively appeal a procedural determination, but direct judicial review is not available until the agency takes final action on the development proposal, in this

case the grading permit. RCW 43.21C.075(3)(a); 43.21C.075(6)(c)[1]; *Saldin Sec., Inc. v. Snohomish County*, 80 Wn. App. 522, 529, 910 P.2d 513, *review granted*, 129 Wn. 2d 1022 (1996). Because the Fosters have exhausted all available administrative remedies, SEPA requires that they wait until they can link the appeal of the DS to their appeal of the County's final action on the grading permit. *See Saldin*, 80 Wn. App. at 530.

Statutory Writ of Review

■ The Fosters contend that, if they have no right of appeal under SEPA, RCW 7.16.040 entitles them to a statutory writ of review. This is an extraordinary remedy reserved for extraordinary situations. *King County v. Wash. State Bd. of Tax Appeals*, 28 Wn. App. 230, 237, 622 P.2d 898 (1981). It is available only when the court finds that (1) an inferior tribunal, (2) exercising judicial functions, (3) exceeded its jurisdiction, and (4) there is no adequate remedy at law. *Raynes v. City of Leavenworth*, 118 Wn.2d 237, 244, 821 P.2d 1204 (1992).

The Fosters argue that the absence of an appeal under SEPA entitles them to review by statutory writ because they have no adequate remedy at law. As discussed above, SEPA does provide for judicial review of a threshold determination, but not until the County makes a final decision on the underlying permit application. The dispositive issue here is whether review under SEPA provides an adequate, although not immediate, remedy for the review of threshold determinations.[2] The Fosters contend that immediate interlocutory review is necessary. They speculate

---

[1]RCW 43.21C.075(6)(c) provides that "[j]udicial review under this chapter shall *without exception* be of the governmental action together with its accompanying environmental determinations." (emphasis added). "Action," as used in the statute, does not mean a procedural determination by itself. RCW 43.21C.075(8).

[2]The Fosters cite numerous cases for the proposition that review of an EIS is available by statutory writ. All reported cases allowing review of a threshold determination separate from a final action predated the 1983 amendments to SEPA, which added the direct right of review. *See, e.g., Short*, 22 Wn. App. 825. The Fosters further contend that the SEPA amendments granting a right to

that the EIS will cost $200,000 and that the requirement will effectively kill their project. We recently examined the availability of review of a SEPA threshold decision by *constitutional* writ. *Saldin*, 80 Wn. App. 522. In *Saldin*, as here, the project proponents argued that once they prepare an EIS, any remedy available in the permit appeal would be no remedy at all. 80 Wn. App. at 530. We recognized that the proponents had genuine concerns about the costs of the EIS, but noted that the Legislature considered those issues when it required linkage of procedural and substantive determinations. *Id.*; *see also Bd. of Tax Appeals*, 28 Wn. App. at 237 (allowing standing to seek statutory writ in routine cases would frustrate legislative purposes).

Professor Richard Settle discusses the Legislature's intent in his treatise on SEPA, noting that SEPA's limited right of review "serves obvious, laudable purposes. Potential delay and costly litigation are greatly reduced. SEPA compliance is not subject to piecemeal, isolated adjudication but must be evaluated as an integrated element of government decisionmaking." RICHARD L. SETTLE, THE WASHINGTON STATE ENVIRONMENTAL POLICY ACT: A LEGAL AND POLICY ANALYSIS § 20, at 244 (1995). The Fosters argue that these laudable purposes are not served when a project proponent seeks review of a threshold determination. The SEPA amendments did not make an exception for proponents, however. Professor Settle acknowledges that SEPA's limitations may effectively preclude a proponent's immediate judicial review of threshold decisions, which might increase environmental analysis burdens and project delay. He noted, however, that the Legislature apparently deemed these "reasonable tradeoffs." *Id.* at 244.

■ Thus, the Legislature has provided a remedy that it

direct appeal did not pre-empt review by statutory writ or repeal RCW 7.16.040 by implication. They are correct that SEPA does not pre-empt or repeal RCW 7.16.040. Rather, SEPA now provides an independent remedy such that SEPA appeals may no longer meet the "no adequate remedy" criteria for a statutory writ.

deemed adequate. Because an adequate remedy exists, statutory writ of review under RCW 7.16 is not available. *See Raynes*, 118 Wn.2d at 244.

## Constitutional Writ of Review

 The Washington State Constitution gives superior courts the inherent authority to review both judicial and non-judicial actions of administrative agencies. CONST. art. IV, § 6; *Pierce County Sheriff v. Civil Serv. Comm'n*, 98 Wn.2d 690, 693-94, 658 P.2d 648 (1983). The scope of the review is limited to whether the hearing officer's actions were arbitrary, capricious, or illegal, thus violating a claimant's fundamental right to be free from such action. *Bridle Trails Community Club v. City of Bellevue*, 45 Wn. App. 248, 251-52, 724 P.2d 1110 (1986). A court has the discretion to refuse to exercise its inherent power of review so long as it provides tenable reasons for its decision. *Birch Bay Trailer Sales, Inc. v. Whatcom County*, 65 Wn. App. 739, 746, 829 P.2d 1109, *review denied*, 119 Wn.2d 1023, 838 P.2d 690 (1992). The Supreme Court has gone so far as to state that the grant of a constitutional writ of review is "entirely discretionary and cannot be mandated by anyone, including an appellate court." *Raynes*, 118 Wn.2d at 242 n.1. Because of the express legislative prohibition on interlocutory review of SEPA threshold determinations, only extraordinary facts or circumstances will provide the trial court a tenable reason to grant review. *Saldin*, 80 Wn. App. at 530-31 (reversing the trial court's grant of constitutional review).

Here, the court denied the request for a constitutional writ on the grounds that the Fosters' allegations were not supported by facts showing that the hearing officer's decision was arbitrary and capricious. In deciding whether to grant review, a court determines whether the petitioner's allegations, if true, clearly demonstrate that the hearing officer's actions were arbitrary, capricious, or contrary to law. *Kerr-Belmark Constr. Co. v. City Council*, 36 Wn. App. 370, 373, 674 P.2d 684, *review denied*, 101 Wn.2d 1018

(1984). Arbitrary and capricious means "willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action." *Id.*

In their amended complaint, the Fosters contended that the decision that the DS be reversed only if they agreed not to water-ski on the pond was "unconstitutional, unlawful, arbitrary and capricious." Mr. Foster later submitted a declaration in which he asserted that (1) the DS was illegal, void, arbitrary, and capricious because it required an EIS for an irrigation project that is categorically exempt from SEPA, and (2) the hearing officer arbitrarily conditioned a DNS upon the recording of a covenant not to water-ski, which was contrary to SEPA's requirement that conditions be based upon the agency's formally designated policies.[3] Because the hearing officer based these decisions on numerous potential environmental impacts specifically related to the water-ski use, we agree that the Fosters do not clearly demonstrate that they were willful and unreasoning actions taken without regard to the facts and circumstances of the case.

Although the Fosters' failure to clearly demonstrate arbitrary and capricious action is a tenable reason for failing to grant review, the trial court did not state on the record whether it also considered if the Fosters made a prima facie showing that the actions were contrary to law. We next examine whether the Fosters' allegations clearly demonstrated that the actions were contrary to law and constituted extraordinary circumstances that would have given the court a tenable reason to grant a writ of review.

The Fosters first contended that the hearing officer

---

[3]The County appears to contend that we should not consider the factual allegations in the declaration. However, the cases the County cites do not expressly prohibit declarations submitted after the petition for writ but before the court's decision on the writ. *See Kenney v. Walla Walla County*, 45 Wn. App. 861, 868, 728 P.2d 1066 (1986) (affidavit filed after court issued writ does not cure failure to meet initial burden in affidavit), *review denied*, 107 Wn.2d 1031 (1987). Because the County did not move to strike the declaration and the court actually considered it, we will look to the declaration in determining whether the Fosters made a prima facie showing. *See* CP 216.

required an EIS for an irrigation project that is categorically exempt from SEPA, citing RCW 43C.21.035. That statute provides that decisions pertaining to applications for appropriation of not more than fifty cubic feet of water per second are exempt from SEPA requirements. The SEPA administrative rules extend the exemption to permits required for normal diversion or intake structures and "activities relating to construction of a distribution system solely for any exempted appropriation[.]" WAC 197--11-800(4). As the hearing officer pointed out, even if the pond is part of a distribution system for the appropriation of water, irrigation is not the pond's sole purpose. The water-ski use is not categorically exempt and categorical exemptions do not apply to actions that are a mixture of exempt and non-exempt activities. *See* WAC 197-11-305(1). Thus, the action is not clearly contrary to law.

The second contention relates to the conditional granting of an MDNS if the Fosters record a covenant that they will not water-ski on the pond. The Fosters contend that this violates RCW 43.21C.060, which requires that conditions be based on policies that the agency has formally designated as possible bases for conditioning or denying government actions. *See also Levine v. Jefferson County,* 116 Wn.2d 575, 807 P.2d 363 (1991). The hearing officer did not cite any County policy that would support requiring a covenant as a condition. While the condition arguably violates RCW 43.21C.060, we do not find it an extraordinary circumstance requiring the trial court to grant a constitutional writ of review. The hearing officer determined that the pond, as proposed, required an EIS. In an attempt to eliminate the burden of the EIS on the Fosters, he gave them the option of revising their proposal to restrict the pond to agricultural uses. If the trial court determined that the hearing officer did not have the authority to condition the MDNS, the appropriate remedy would be to strike the impermissible option. The hearing officer's decision to uphold the DS would stand. Because the trial court could not provide the remedy the Fosters are seeking (freedom from the EIS requirement) on this

ground, we conclude that the trial court did not abuse its discretion in declining to grant review.

## Damages Under RCW 64.40

■ ■ The Fosters contend that the trial court erred in dismissing their claim for damages under RCW 64.40. RCW 64.40.020 provides property owners who have applied for a permit with an action for damages to compensate for arbitrary, capricious, or unlawful agency acts. A claimant must commence an action under RCW 64.40 within thirty days after it has exhausted all administrative remedies. RCW 64.40.030; *R/L Assocs. v. City of Seattle*, 73 Wn. App. 390, 392, 869 P.2d 1091, *review denied*, 125 Wn.2d 1006, 886 P.2d 1133 (1994). The final administrative remedy for the threshold determination was the hearing at issue here. As discussed above, challenges to the threshold decision must be combined with an appeal of the final decision on the permit. RCW 43.21C.075(6)(c). Because the RCW 64.40 claim and the appeal of the DS and the underlying permit will involve the same issues, the doctrine of res judicata requires that they be combined in a single action. *See Hayes v. City of Seattle*, 76 Wn. App. 877, 880, 888 P.2d 1227, *review granted*, 127 Wn.2d 1009, 902 P.2d 165 (1995). To be consistent with SEPA's requirement that threshold determinations be challenged with the underlying permit, we hold that the statute of limitations on an RCW 64.40 claim arising from a SEPA threshold decision does not run while the permit application is pending.

We affirm.

KENNEDY, A.C.J., and GROSSE, J., concur.