228 P.3d 823 (2010)
Alanna GEHR and Washington Federation of State Employees, Petitioners,
v.
SOUTH PUGET SOUND COMMUNITY COLLEGE, Respondent.
No. 38222-9-II.
Court of Appeals of Washington, Division 2.
April 13, 2010.
*824 Christopher John Coker, Younglove & Coker, PLLC, Olympia, WA, for Appellants.
Janetta Elizabeth Sheehan, Kara Anne Larsen, Wash Office of Attorney General, Olympia, WA, for Respondents.
QUINN-BRINTNALL, J.
¶ 1 After the Washington State Personnel Resources Board denied their appeal from the South Puget Sound Community College's decision to reclassify and exempt an office assistant position from the union's bargaining unit, Allana Gehr and the Washington Federation of State Employees (WFSE) filed a common law writ of certiorari in the Thurston County Superior Court. The superior court denied their petition, finding that the Board's actions were neither arbitrary and capricious nor illegal. Gehr and WFSE appeal, asserting that the superior court abused its discretion in denying their writ. Specifically, Gehr and WFSE contend that they meet the requirements for a common law writ of certiorari because the Board committed an illegal act by refusing to exercise its *825 statutory authority to hear their appeal. Applying the error of law standard of review to the superior court's finding that the Board did not exceed its legal authority nor act arbitrarily and capriciously when it declined to hear Gehr and WFSE's appeal, we affirm.

FACTS
¶ 2 In a letter dated September 28, 2006, the College notified WFSE that it intended to reallocate and exempt a vacant administrative office assistant position in the College Foundation Office. The College stated that it intended to reclassify the position from "Office Assistant III" to "Confidential Secretary" because the position required processing of confidential information from College donors. Clerk's Papers (CP) at 19. Because the reclassification would remove the position from WFSE's bargaining unit, the College offered to meet with WFSE to discuss the impact of the exemption.
¶ 3 On October 27, 2006, the parties met to discuss the College's proposed exemption. In a letter dated November 14, 2006, the College informed WFSE that it intended to exempt the vacant position but offered to continue its negotiations with the union. The parties met again on December 5, 2006, but were unable to reach an agreement. On April 13, 2007, the College reclassified and exempted the office assistant position.
¶ 4 On May 10, 2007, Gehr and WFSE appealed the College's decision to the Board. The Board held a hearing on September 20, 2007. At the outset of the hearing, the College asserted that Gehr and WFSE did not have standing to challenge its decision to reclassify and exempt the vacant position, arguing that neither party was an "employee whose position has been exempted" as required for an appeal under former RCW 41.06.170(3) (2002).[1] The Board heard argument on the standing issue and proceeded with a hearing on the merits of the appeal. The Board dismissed Gehr and WFSE's appeal, finding that "[d]isputes regarding bargaining units are outside of this Board's jurisdiction." CP at 16.
¶ 5 On April 9, 2008, Gehr and WFSE filed a petition for common law writ of certiorari and review of administrative decision in Thurston County Superior Court, asserting that it had no other avenue for judicial review of the Board's decision. On June 5, 2008, the College filed a motion to dismiss the petition. On July 11, 2008, the superior court held a hearing on the College's motion to dismiss. By oral ruling, the superior court granted the College's motion to dismiss, finding that the Board did not commit an illegal act and that the Board's action was not arbitrary or capricious. The superior court also noted that WFSE had another avenue of relief through the Public Employment Relations Commission (PERC). On August 15, 2008, the superior court entered its written order granting the College's motion to dismiss. WFSE timely appeals the superior court decision.

ANALYSIS
¶ 6 The single issue we must decide in this appeal is whether the superior court abused its discretion when it refused to grant Gehr and WFSE's petition for common law writ of certiorari.[2] Gehr and WFSE argue that the *826 superior court abused its discretion in denying their petition because the Board's actions below were "illegal." Specifically, they argue that the Board committed an illegal act by failing to exercise its statutory authority under former RCW 41.06.170(3) when it dismissed their appeal for lack of jurisdiction. The College counters that the superior court did not abuse its discretion because, under the plain language of former RCW 41.06.170(3), only an "employee whose position has been exempted" may file an appeal with the Board. The College asserts that because Gehr was never a candidate for the vacant position, she and WFSE lacked standing to appeal its decision to the Board. Because the superior court properly determined that the Board's decision to reclassify and exempt the vacant position was neither arbitrary and capricious nor illegal, we affirm.
¶ 7 The Washington State Constitution vests superior courts with inherent authority to review administrative decisions for illegal or manifestly arbitrary and capricious acts. Wash. Const. art. IV, § 6; Pierce County Sheriff v. Civil Serv. Comm'n of Pierce County, 98 Wash.2d 690, 693-94, 658 P.2d 648 (1983). The superior court's scope of review under its inherent constitutional authority is limited to determining whether the administrative action was arbitrary, capricious, or illegal. Foster v. King County, 83 Wash.App. 339, 346, 921 P.2d 552 (1996). The superior court will generally decline to exercise its inherent power of review if either a statutory writ or a direct appeal is available, unless the appellant can show good cause for not using these methods. Bridle Trails Cmty. Club v. City of Bellevue, 45 Wash.App. 248, 252-53, 724 P.2d 1110 (1986). The decision to grant or deny a common law writ of certiorari lies entirely within the trial court's discretion and we will not disturb a trial court's refusal to grant a writ if based on tenable reasons. Clark County Pub. Util. Dist. No. 1 v. Wilkinson, 139 Wash.2d 840, 846, 991 P.2d 1161 (2000) (citing Bridle Trails, 45 Wash.App. at 252, 724 P.2d 1110). Untenable reasons include errors of law. Noble v. Safe Harbor Family Pres. Trust, 167 Wash.2d 11, 17, 216 P.3d 1007 (2009).
¶ 8 In deciding whether to grant review, the superior court determines whether the petitioner's allegations, if true, would clearly demonstrate that the hearing officer's actions were arbitrary, capricious, or illegal. Foster, 83 Wash.App. at 346-47, 921 P.2d 552. "Arbitrary and capricious means `willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action.'" Foster, 83 Wash.App. at 347, 921 P.2d 552 (quoting Kerr-Belmark Constr. Co. v. City Council, 36 Wash.App. 370, 373, 674 P.2d 684, review denied, 101 Wash.2d 1018 (1984)). Illegal action, in this context, does not equate with an error of law standard but instead refers to the agency's authority to perform an act. King County v. Bd. of Tax Appeals, 28 Wash.App. 230, 242, 622 P.2d 898 (1981) (citing State ex rel. Cosmopolis Consol. Sch. Dist. 99 v. Bruno, 59 Wash.2d 366, 369, 367 P.2d 995 (1962)). Thus, a superior court's review for "illegal" agency action "is restricted to an examination of whether the agency has acted within its authority as defined by the constitution, statutes, and regulations." King County, 28 Wash.App. at 242-43, 622 P.2d 898.
¶ 9 Gehr and WFSE have not alleged facts that, if verified, indicate that the Board's decision was arbitrary, capricious, or illegal. Here, the Board's statutory grant of authority to determine Gehr's appeal derives from former RCW 41.06.170(3). Former RCW 41.06.170(3) authorizes the Board to entertain appeals from an "employee whose position has been exempted ... either individually or through his or her authorized representative." Gehr was not employed in the office assistant position being exempted and WFSE was not representing an individual whose position was being exempted. Thus, under the Board's tenable reading of the plain language of former RCW 41.06.170(3), it lacked jurisdiction to hear *827 Gehr's appeal and its decision to dismiss the appeal was not arbitrary and capricious.
¶ 10 Gehr and WFSE do not contend that the Board lacked authority to interpret former RCW 41.06.170(3), and they agree that the Board's authority to hear exemption appeals derives from this statutory language. But Gehr and WFSE appear to disagree with the Board's interpretation of former RCW 41.06.170(3) and argue that the Board had jurisdiction to hear their appeal. But even assuming that the Board erroneously interpreted former RCW 41.06.170(3), its decision did not exceed the Board's statutory authority and, thus, could not constitute an illegal act supporting a common law writ of certiorari. As Division One of this court has stated,
We are convinced that the "illegal act" requirement does not empower a court under its constitutional review power to review alleged errors of law committed by an administrative agency. The review, rather, is restricted to an examination of whether the agency has acted within its authority as defined by the constitution, statutes, and regulations.
King County, 28 Wash.App. at 242-43, 622 P.2d 898 (footnote omitted). Gehr and WFSE have only alleged an error of law for which the superior court is without authority to exercise its constitutional review powers under a common law writ of certiorari. Pierce County Sheriff, 98 Wash.2d at 693-94, 658 P.2d 648. Accordingly, the superior court did not abuse its discretion by denying their petition for a common law writ of certiorari.
¶ 11 Moreover, the superior court's finding that WFSE could have sought review of the College's exemption decision through the PERC further justifies its denial of Gehr and WFSE's petition. See Bridle Trails, 45 Wash.App. at 252-53, 724 P.2d 1110. In denying Gehr and WFSE's petition, the superior court found in the alternative that WFSE could have appealed the College's decision to the PERC, stating, "I think this is a bargaining unit issue that could have been gone [sic] to and through the PERC." Report of Proceedings at 11-12.
¶ 12 RCW 41.80.120(1) provides that the PERC is "empowered and directed to prevent any unfair labor practice and to issue appropriate remedial orders." Gehr and WFSE contend that they could not appeal the College's exemption decision to the PERC because the "issue challenged has always been whether or not [the College's] basis for exemption was justified under RCW 41.06.070(2)" and the PERC has "jurisdiction to decide issues related to collective bargaining requirements only under [chapter 41.80 RCW]." Br. of Appellant at 11. But the PERC has clarified in a declaratory order that a public employer's authority to remove employees from classified service under former RCW 41.06.070 (2002) does not relieve it of the obligation to bargain in good faith under RCW 41.80.020. Univ. of Wash., Decision 9410PSRA (2006) (declaratory order). Thus, although former RCW 41.06.070 sets forth the College's authority to exempt the vacant position, the PERC retained jurisdiction to address a claim that the College exempted the position in bad faith by waiting until it became vacant to remove the position from the collective bargaining unit; a wholesale use of this tactic would eventually eliminate all positions from the bargaining unit.
¶ 13 Here, the superior court properly determined that the Board did not exceed its legal authority or act arbitrarily and capriciously when it ruled that, under former RCW 41.06.170, Gehr and WFSE lacked standing and declined to hear their appeal. Additionally, the superior court properly determined that WFSE could have appealed the Board's reclassification decision to the PERC. Accordingly, the superior court did not abuse its discretion by denying Gehr and WFSE's petition for a common law writ of certiorari and we affirm.
We concur: ARMSTRONG, J., and VAN DEREN, C.J.
NOTES
[1] Former RCW 41.06.170(3) states in part, "Any employee whose position has been exempted after July 1, 1993, shall have the right to appeal, either individually or through his or her authorized representative, not later than thirty days after the effective date of such action ... to the Washington personnel resources board." The legislature amended former RCW 41.06.170(3), effective July 26, 2009, adding the following provision: "If the position being exempted is vacant, the exclusive bargaining unit representative may act in lieu of an employee for the purposes of appeal." Laws of 2009, ch. 534, § 3. Former RCW 41.06.170 applies here because it was the version of the statute in effect at the time of the Board's decision. See Painting & Decorating Contractors of Am. Inc. v. Ellensburg Sch. Dist., 96 Wash.2d 806, 813, 638 P.2d 1220 (1982) (Absent a legislative indication to the contrary, appellate courts presume statutory amendments apply prospectively.).
[2] Gehr cites RCW 7.16.040 as the jurisdictional basis for a superior court issuing a writ of certiorari. But RCW 7.16.040 addresses the standard for a statutory writ of review, which differs from the standard for a common law or constitutional writ of certiorari. See Wash. Pub. Employees Ass'n v. Pers. Res. Bd., 91 Wash.App. 640, 959 P.2d 143 (1998) (discussing the differing standards for review of an agency action under a statutory writ of review and under a constitutional writ of review). Apart from citing RCW 7.16.040, Gehr does not argue in this appeal, nor did she assert below, that the superior court should have issued a statutory writ of certiorari. Thus, we limit our review to whether the superior court abused its discretion in denying Gehr and WFSE's petition for a common law writ of certiorari. RAP 2.5(a), 10.3(a).