[No. 29970-8-III.   Division Three.   April 26, 2012.]

CHERRYANN COBALLES, *Appellant*, v. SPOKANE COUNTY ET AL.,
*Respondents*.

858

*Adam P. Karp* (of *Animal Law Offices*), for appellant.
*David W. Hubert*, for respondents.

¶1 SIDDOWAY, A.C.J. — CherryAnn Coballes seeks to appeal a superior court decision affirming Spokane County's determination that her dog, Gunnar, is a dangerous dog. We hold that a party appealing a dangerous dog declaration in superior court is not entitled to a second appeal as a matter of right in the Court of Appeals. We grant leave to Ms. Coballes to submit a motion for discretionary review under RAP 2.3(d) in lieu of her attempted appeal of right.

## FACTS AND PROCEDURAL BACKGROUND

¶2 On a morning in September 2010, Emmalin C., age 3, was visiting the home of CherryAnn Coballes when she wandered into the bedroom of Ms. Coballes' 14-year-old son. His bedroom door was closed because he had the family's dogs, Gunnar and Sadie, in his room. Gunnar, a neutered male Rottweiler/Alaskan Malamute mix, was then three years old and weighed 115 pounds. Because of Gunnar's tendency to be somewhat aggressive and jump on visitors, the family kept him in the boy's room when they had guests. Emmalin had been warned not to enter.

¶3 She nonetheless did enter, and when she did Gunnar attacked her, biting her several times on the top and upper sides of her head. Ms. Coballes and Emmalin's father responded immediately to the sounds of Gunnar's growls and Emmalin's cry and helped Ms. Coballes' son restrain the dog so that Emmalin could be carried out of the room. They took her to Sacred Heart Medical Center where she was admitted to the pediatric intensive care unit and underwent surgery. She was released from the hospital after a few days.

¶4 Sacred Heart filed an animal bite incident report with the Spokane County Regional Animal Protection Service (SCRAPS), a department established by the county's board of county commissioners to administer and enforce animal control provisions of the county code. Spokane County Code (SCC) 5.04.020(3). SCRAPS issued a dangerous dog declaration to Ms. Coballes. Animal control officer Chad Scheres served it on Ms. Coballes and explained its implications, including that he would have to impound Gunnar. Ms. Coballes surrendered Gunnar and filed an appeal.

¶5 An evidentiary hearing was held before a hearing examiner, who concluded that Gunnar had properly been declared dangerous within the meaning of the county code.

The board of county commissioners adopted the hearing examiner's recommendation.

¶6 Ms. Coballes then commenced an action in superior court, filing a "Petition for Judicial Review by Statute [SCC 5.04.032], Constitutional Writ of Certiorari and/or Statutory Writ of Review [Ch. 7.16 RCW]." Clerk's Papers (CP) at 1 (alterations in original). In the petition Ms. Coballes asserted "a statutory right of appeal under [the county code], statutory writ of review and/or constitutional writ of certiorari." CP at 2. A notice sent to the county defendants on the same day stated, "You are hereby notified that the plaintiff . . . has petitioned the Superior Court for a writ of certiorari and writ of review." CP at 7.

¶7 Two weeks later, Ms. Coballes filed an "Ex Parte Motion for Writ of Review, Assignment of Judge, and Waiving Bond." Her motion made no mention of a statutory right to appeal the board's decision to superior court, stating instead:

> There exist two avenues to obtain judicial review of a hearing examiner/board of commissioner's decision—(1) a *statutory writ of review* under RCW 7.16.040 and RCW 36.32.330 (statutory certiorari); and (2) discretionary review under the court's inherent and constitutional power (*constitutional writ of certiorari*).

CP at 10 (emphasis added). She represented that she had no right to a direct appeal and contended that "the writ of review presents the proper avenue for judicial review of [the board's] determination upholding the Examiner's recommendation." CP at 11. In later proceedings, Ms. Coballes made no mention of a statutory right to appeal under RCW 36.32.330.

¶8 The superior court denied Ms. Coballes' petition. She appeals, assigning error to the burden of proof applied by the hearing examiner; she also contends that the hearing examiner made arbitrary and capricious findings of fact and misapplied the law to the facts, that the county com-

mitted an unlawful warrantless seizure of Gunnar, that the county's order limiting her ability to sell Gunnar was ultra vires, and that the county's dangerous dog regulations conflict with state statute. Br. of Appellant at 5.

¶9 We identified a threshold procedural issue and requested additional briefing. The underlying proceeding—the dangerous dog adjudication—had already been subjected to, or was eligible for, one appeal in superior court. A second appeal of right in our court, and with the prospect of further discretionary review by the Supreme Court, would be beyond the appellate review available in other civil and criminal proceedings. With this opinion we address only this threshold issue: whether appeal of right is available in this case.[1]

## ANALYSIS

### I

¶10 We asked the parties to respond to three questions, the first being whether Ms. Coballes had a statutory right to appeal the board's decision to superior court pursuant to RCW 36.32.330. Ms. Coballes answers that if she did, it was not clear. We disagree. She had a statutory right to appeal to the superior court, whose decision on such an appeal is subject to only discretionary review.

¶11 Chapter 5.04 of the SCC contains the county's animal control regulation of dogs and cats, including its controls for errant animal behavior. SCC 5.04.010. The code regulates "dangerous dogs," defined by the code to mean any dog that

(a) inflicts severe injury or multiple bites on a human being without provocation on public or private property, (b) inflicts

---

[1] Ms. Coballes filed a motion to strike the county's supplemental brief, objecting that it raised a new issue beyond the scope of our request for additional briefing. We deny the motion. The county's brief remained within the scope of our questions.

severe injury, multiple bites, or kills an animal without provocation while the dog is off the owner's or keeper's property, or (c) has previously been found to be potentially dangerous, the owner or keeper having received notice of such and the dog again aggressively bites, attacks, or endangers the safety of humans or animals.

SCC 5.04.020(8). When the county's animal control director has sufficient information to determine that a dog meets this definition, it is required by the county code to declare the dog dangerous and notify the owner of a right to appeal the declaration. If the result of an appeal is that the board of county commissioners sustains the finding that the dog is dangerous, then the dog will be euthanized unless the owner or keeper complies with requirements imposed by the county code. SCC 5.04.032(3). The requirements include spaying or neutering the dog, confining the dog in an approved enclosure clearly posted to give notice that the dog is dangerous, having a microchip implanted for identification, obtaining an approved muzzle and leash, and acquiring a surety bond or liability insurance in a form acceptable to SCRAPS providing at least $250,000 coverage for any personal injury or property damage caused by the dog. SCC 5.04.035.

¶12 The administrative process for protesting the director's dangerous dog declaration begins with a timely request for appeal, after which an administrative hearing is conducted by the board of county commissioners or its designee; in this case, by a hearing examiner. SCC 5.04.032(2). The hearing officer's recommendation is reduced to writing and is submitted to the board along with the electronic and documentary record. The board may accept, reject, or modify the recommendation of the hearing officer and renders its decision in writing. *Id.*

¶13 Where, as here, a dangerous dog finding is upheld by the board, the owner or keeper of the dog may appeal the board's decision "in the manner provided under the general laws of the state." SCC 5.04.032(4), (5). Chapter 36.32

RCW, dealing with county commissioners, provides at RCW 36.32.330:

> *Any person may appeal to the superior court from any decision or order of the board of county commissioners.* Such appeal shall be taken within twenty days after the decision or order, and the appellant shall within that time serve notice of appeal on the county commissioners. . . . *The practice regulating appeals from and writs of certiorari to [district courts] shall, insofar as applicable, govern in matters of appeal from a decision or order of the board of county commissioners.*[2]

(Emphasis added.) *See also Ronken v. Bd. of County Comm'rs*, 89 Wn.2d 304, 309, 572 P.2d 1 (1977) ("[A] statutory right of appeal from a decision or order of the board of county commissioners exists under RCW 36.32.330.").

■ ¶14 The right of appeal provided by RCW 36.32.330 is available in all situations where the board is "acting on its ordinary and usual duties," but has been held not to apply when the board is acting pursuant to special statute imposing a different, additional duty, such as when it acts in zoning matters. *Sterling v. County of Spokane*, 31 Wn. App. 467, 469-70, 642 P.2d 1255 (1982). This distinction for "duties pursuant to special statute" generally applies when a county board acts pursuant to special *state* statutes. *See Lawry v. Bd. of Comm'rs*, 12 Wash. 446, 448, 41 P. 190 (1895) (recognizing that appeal would not lie when the board of commissioners "acts as the representative or agent of the legislature"); *Adams County v. Scott*, 117 Wash. 85, 90-91, 200 P. 1112 (1921) (same proposition); *State ex rel. Lyon v. Bd. of County Comm'rs*, 31 Wn.2d 366, 370-71, 196 P.2d 997 (1948) (appeal was not available where board acted or purported to act under state statute regulating regional planning).

---

[2] The statute reads "justice's courts," but this term has since been replaced by the term "district courts." RCW 3.30.015 ("All references to justice courts . . . in other titles of the Revised Code of Washington shall be construed as meaning district courts.").

■■ ¶15  When a board is fulfilling its ordinary responsibilities under a county code provision dealing with public safety, its actions are part of its ordinary and usual duties under article XI, section 11 of the Washington State Constitution, which authorizes counties to make and enforce such police regulations as are not in conflict with general laws. *See City of Federal Way v. King County*, 62 Wn. App. 530, 538 n.6, 815 P.2d 790 (1991) (superseded by statute on other grounds); *and see* RCW 36.32.120(7) ("The legislative authorities of the several counties shall . . . [m]ake and enforce, by appropriate resolutions or ordinances, all such police and sanitary regulations as are not in conflict with state law."). RCW 36.32.330 therefore applies to Ms. Coballes' case, meaning that she had available an appeal as a matter of right in superior court.

## II

¶16  We next asked whether the substance of the superior court proceeding below was a statutory appeal or a writ proceeding and whether, if Ms. Coballes had a right of appeal to superior court, she could elect to seek a statutory or constitutional writ of review instead. Ms. Coballes responds that she is uncertain of the basis on which the superior court decided her petition, but in any event it made no difference. Suppl. Br. of Appellant at 3-4. Again, we disagree. Since statutory appeal was available, statutory or constitutional writs were not.

■ ¶17  Superior courts have the power to issue statutory or constitutional writs of certiorari. Ch. 7.16 RCW; CONST. art. IV, § 6. Both the statutory and constitutional writs share a common purpose: to enable limited appellate review of a judicial or quasi-judicial action when the remedy of appeal is unavailable. *See Saldin Sec., Inc. v. Snohomish County*, 134 Wn.2d 288, 306-07, 949 P.2d 370 (1998) (collecting cases). They are both understood to be extraordinary remedies that should be " 'granted sparingly.' " *City of*

*Seattle v. Holifield*, 170 Wn.2d 230, 239-40, 240 P.3d 1162 (2010) (statutory writ) (quoting *City of Seattle v. Williams*, 101 Wn.2d 445, 455, 680 P.2d 1051 (1984)); *Torrance v. King County*, 136 Wn.2d 783, 793, 966 P.2d 891 (1998) (constitutional writ).

¶18  The right to petition the superior court for a writ of certiorari is recognized by statute. RCW 7.16.040. The statutory writ of certiorari is also known as the statutory writ of review. RCW 7.16.030. As relevant here, the statute authorizes the superior court to grant a writ of review when an inferior board, exercising judicial functions, has exceeded its jurisdiction, acted illegally,[3] or to correct an erroneous or void proceeding or a proceeding not according to the course of the common law and *"there is no appeal*, nor in the judgment of the court, any plain, speedy and adequate remedy at law." RCW 7.16.040 (emphasis added). The absence of a right of appeal or plain, speedy, and adequate remedy at law is recognized as an essential element of the superior court's jurisdiction to grant a statutory writ of review. *Holifield*, 170 Wn.2d at 240; *and see Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 250-51, 724 P.2d 1110 (1986) (it was "apparent" that review under chapter 7.16 RCW was unavailable because direct appeal to superior court was provided for by the city code).

¶19  A distinct right to petition for a writ of certiorari is recognized by our state constitution. CONST. art. IV, § 6. The fundamental purpose of the constitutional writ of certiorari is " 'to enable a court of review to determine whether the proceedings below were within the lower tribunal's jurisdiction and authority.' " *Fed. Way Sch. Dist.*

---

[3] Our Supreme Court has recently defined "acted illegally" in this context to mean "when that tribunal, board, or officer (1) has committed an obvious error that would render further proceedings useless; (2) has committed probable error and the decision substantially alters the status quo or substantially limits the freedom of a party to act; or (3) has so far departed from the accepted and usual course of judicial proceedings as to call for the exercise of revisory jurisdiction by an appellate court." *Holifield*, 170 Wn.2d at 244-45.

*No. 210 v. Vinson*, 172 Wn.2d 756, 769, 261 P.3d 145 (2011) (quoting *Saldin Sec., Inc.*, 134 Wn.2d at 292). Like the statutory writ of review, the scope of review under a constitutional writ of certiorari is more limited than an appeal. Review under article IV, section 6 is limited to " 'whether the hearing officer's actions were arbitrary, capricious,[4] or illegal, thus violating a claimant's fundamental right to be free from such action.' " *Id.* (quoting *Foster v. King County*, 83 Wn. App. 339, 346, 921 P.2d 552 (1996)). This constitutional, or common law, writ of certiorari is available as an avenue for review only when both direct appeal and statutory writ of review are unavailable. *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 533, 79 P.3d 1154 (2003).

¶20 Accordingly, it ordinarily would make a difference if a superior court reviewed the decision of an inferior board based on a petition for a writ rather than an appeal because the scope of review is narrower in a writ proceeding. More importantly here, since Ms. Coballes had a statutory right to appeal, a request for a writ of review or certiorari was not permitted procedure.

¶21 The county contends that we should dismiss this matter outright in light of the fact that Ms. Coballes originally invoked the superior court's jurisdiction by asserting a statutory appeal but then abandoned the appeal in favor of pursuing a statutory or constitutional writ that the superior court lacked jurisdiction to issue. Suppl. Br. of Resp't at 9. Where a party fails to pursue a statutory right to a direct appeal, a petition for writ of review is properly denied on that basis alone. *Torrance*, 136 Wn.2d at 792 (recognizing that a party's decision to forgo an available appeal and instead seek a remedy by means of a constitutional writ of certiorari was "fatal" to that party's case).

---

[4] Arbitrary and capricious action is " 'willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action.' " *Vinson*, 172 Wn.2d at 769 (internal quotation marks omitted) (quoting *Foster v. King County*, 83 Wn. App. 339, 347, 921 P.2d 552 (1996)).

¶22 Given the entirety of the record, however, we conclude that the superior court proceeding below amounted to a statutory appeal in substance, if not in form. Ms. Coballes initially asserted her right to a statutory appeal, and the superior court addressed arguments outside the scope of review that it would have been limited to had it been deciding whether to grant a petition for a writ of certiorari. Indeed, had the proceeding been treated as one seeking a writ of certiorari, the superior court could have denied the petition outright for the same reason the county now urges us to do so. The superior court's review on the merits was consistent with the fact that the only basis on which it should have reviewed the board's decision was statutory appeal under RCW 36.32.330, and we treat its review as such.

### III

¶23 Our third and last question to the parties (and the point of the other two) was whether Ms. Coballes is entitled in this court to review as a matter of right under RAP 2.2 or whether she is limited to seeking discretionary review. Because we view the proceeding below as a disposition of a statutory appeal under RCW 36.32.330, we need determine only the appealability of that result; we do not address the appealability of a denial of a petition for a writ of certiorari.

¶24 Returning to RCW 36.32.330, the statute clearly provides that the practices regulating appeals from district courts govern in this matter. We therefore look to the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ) for guidance on the availability of appellate review. Under those rules, Ms. Coballes had an appeal of right to the superior court, which could review the board's decision for errors of law and substantial evidence, and reverse, affirm, or modify the decision or remand the matter for further proceedings. RALJ 2.2(a)(1), 9.1(a)-(e). Under the RALJ, the superior court's decision on appeal is

subject to only discretionary review in this court, pursuant to RAP 2.3(d).[5] RALJ 9.1(h).

¶25 Ms. Coballes requests that in the event we determine that her appeal was not as of right in this court, we grant her leave to file a motion for discretionary review. Without addressing whether acceptance of review would be appropriate in this matter, we grant her request. RAP 5.1(c) provides that "[a] notice of appeal of a decision which is not appealable will be given the same effect as a notice for discretionary review." Accordingly, we redesignate her notice of appeal as a notice for discretionary review, and give leave for her to address whether she can satisfy any of the RAP 2.3(d) criteria. As permitted by RAP 17.2, the commissioners' office will hear any such motion for discretionary review filed with the court.

IV

¶26 Both parties request attorney fees. Ms. Coballes is not the prevailing party and is therefore not entitled to fees. *Young v. Duenas*, 164 Wn. App. 343, 357, 262 P.3d 527 (2011), *review denied*, 173 Wn.2d 1020 (2012). The county is also not entitled to fees because it failed to cite to authority supporting its request. RAP 18.1.

---

[5] RAP 2.3(d) identifies the considerations governing acceptance of review of superior court decisions on review of a decision of a court of limited jurisdiction, and provides that discretionary review "will be accepted only:

"(1) If the decision of the superior court is in conflict with a decision of the Court of Appeals or the Supreme Court; or

"(2) If a significant question of law under the Constitution of the State of Washington or of the United States is involved; or

"(3) If the decision involves an issue of public interest which should be determined by an appellate court; or

"(4) If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by the court of limited jurisdiction, as to call for review by the appellate court."

¶27 We grant Ms. Coballes leave to file a motion for discretionary review within 15 days of the filing of this opinion.

Sweeney and Brown, JJ., concur.