IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JONATHAN GREENBERG, | ) | No. 74931-5-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| SEATTLE SCHOOL DISTRICT, | ) ) | FILED: March 6, 2017 |
| Respondent. | ) ) ) | |

BECKER, J. — This is an appeal from an order dismissing a claim for declaratory judgment and petition for a writ of review filed by a public school teacher who objects to his employer's imposition of discipline recommended by an arbitrator. Both claims fail because the arbitration provided an adequate remedy at law.

In 2012, appellant Jonathan Greenberg was teaching a high school humanities class in a Seattle school. A student in the class complained about Greenberg's methods of teaching a unit on race. After the school district conducted an investigation, the race unit was suspended.

Students drafted a petition to reinstate the race unit. Greenberg allowed the petition to be circulated during class time. This conduct drew a second complaint.

The superintendent determined that Greenberg should be disciplined.

A collective bargaining agreement between the district and the teachers' union provides that teachers may not be disciplined without "just and sufficient cause." The agreement requires a process of "progressive discipline," including "oral warning, written warning or reprimand, suspension and/or termination as appropriate to the circumstances." Greenberg had no prior disciplinary history. The superintendent found just cause to reprimand Greenberg and to transfer him to a different school.

The union filed grievances on Greenberg's behalf in response to the proposed discipline, invoking a provision of the bargaining agreement that requires binding arbitration to resolve disputes. Arbitration hearings occurred over the course of two days in March 2014. Greenberg was represented by a union advocate.

On August 12, 2014, the arbitrator issued an opinion and award in which he determined the district did not have just cause to transfer Greenberg but could suspend him for 10 working days without pay. Neither party had proposed that Greenberg be suspended. The opinion stated that the arbitrator would retain jurisdiction until October 13, 2014, "to resolve disputes regarding the remedy directed herein." If the arbitrator was advised before October 13 "of any dispute regarding the remedy directed," the arbitrator's jurisdiction would be "extended for so long as is necessary to resolve disputes regarding the remedy." If the arbitrator was not advised of a dispute by October 13, "the Arbitrator's jurisdiction over this grievance shall then cease."

Greenberg requested to take a voluntary leave from teaching from September 1, 2014, until January 30, 2015. The district approved this request.

The district notified Greenberg on August 20, 2014, of its intention to implement the arbitrator's decision and provided a draft letter imposing the recommended 10-day suspension. The arbitrator approved the proposed discipline during a telephone conference with the parties on September 12, 2014. On September 28, 2014, the superintendent again notified Greenberg of the district's plan to impose a suspension.

October 13, 2014, came and went without Greenberg advising the arbitrator that he disputed the remedy directed by the arbitrator's opinion.

On December 8, 2014, the district notified Greenberg that the suspension would occur in February 2015, when he was expected to return to teaching. He responded with a notice of appeal and request for a hearing "to determine whether sufficient cause exists to adversely impact my employment contract in the manner set forth in the Notice of Probable Cause issued to me on or about December 8, 2014." The district responded by informing Greenberg that his suspension was not subject to further review and his request was untimely.

Greenberg commenced the current action in King County Superior Court on December 23, 2014, seeking a writ of review and declaratory relief. He alleged that the district and arbitrator acted unlawfully by sanctioning him to a suspension.

On January 28, 2015, the superintendent notified Greenberg that in consideration of the best interests of his students, he would no longer be

3

required to serve a suspension in February. "I will consider that you served your 10-day suspension while you were out on leave from September 1, 2014 to January 30, 2015." The letter advised Greenberg, "Any further violations of District policy will be the basis for further discipline, including termination of your employment."

Greenberg moved for summary judgment on his claim for declaratory relief. He sought a ruling that the arbitrator had exceeded his authority by recommending a suspension. He argued that a suspension is a form of discipline that cannot be imposed without a statutorily required hearing, and that "matters covered by statutory due process procedures" are exempted by the collective bargaining agreement from those issues which may be addressed through arbitration. The district opposed summary judgment, asserting, among other things, that Greenberg could not meet the requirements for either a writ of review or declaratory relief.

The court struck Greenberg's motion without prejudice, citing King County Superior Court Local Civil Rule (KCLR) 98.40, a rule governing writs of review. That rule provides in part, "When the court has found adequate cause for issuance of a writ, the filing party shall obtain a trial date and a case schedule from the clerk who will also assign the case to a Judge." KCLR 98.40(f). Greenberg had not yet asked the court for a finding of adequate cause to proceed with his application for a writ. The court's ruling stated, "Only after receipt of a trial date, case schedule and judicial assignment can dispositive motions be scheduled."

Greenberg filed a motion requesting that the court find adequate cause to issue a case schedule pursuant to KCLR 98.40 or, in the alternative, that the court adjudicate the motion for summary judgment with respect to his nonwrit claim for declaratory relief. The district opposed the motion on various grounds, including the argument that to obtain either a writ of review or a declaratory judgment, the petitioner must demonstrate he has no other adequate remedies. The district argued that because Greenberg had participated in arbitration, he had been afforded adequate remedies.

The court denied Greenberg's motion and dismissed the suit. Greenberg appeals.

A writ of review is "an extraordinary remedy reserved for extraordinary situations." Foster v. King County, 83 Wn. App. 339, 344, 921 P.2d 552 (1996). The purpose of a writ is to correct errors of law when, among other requirements, "there is no appeal, 'nor in the judgment of the court, any plain, speedy, and adequate remedy at law.'" Devine v. Dep't of Licensing, 126 Wn. App. 941, 949, 110 P.3d 237 (2005), quoting RCW 7.16.040. The absence of a right to appeal or other remedy is an "essential element" of the superior court's authority to grant a statutory writ of review. Coballes v. Spokane County, 167 Wn. App. 857, 866, 274 P.3d 1102 (2012). Writs of review "'should be granted sparingly.'" City of Seattle v. Holifield, 170 Wn.2d 230, 239-40, 240 P.3d 1162 (2010), quoting City of Seattle v. Williams, 101 Wn.2d 445, 455, 680 P.2d 1051 (1984).

The existence of another adequate remedy "does not preclude a judgment for declaratory relief in cases where it is appropriate." CR 57. But courts "will be

circumspect" in granting declaratory relief. <u>Ronken v. Bd. of County Comm'rs of Snohomish County</u>, 89 Wn.2d 304, 310, 572 P.2d 1 (1977). "Ordinarily, where a plaintiff has another adequate remedy, he or she should not proceed by way of a declaratory judgment action." <u>Wagers v. Goodwin</u>, 92 Wn. App. 876, 880, 964 P.2d 1214 (1998).

Thus, both Greenberg's claim for declaratory relief and his petition for a writ of review presuppose that he had no other adequate remedies.

After the arbitrator issued his ruling, he retained jurisdiction for two months in case it became necessary to resolve a dispute about the recommended remedy. Greenberg did not contact the arbitrator to dispute the recommended remedy of a 10-day suspension during the 2-month period when he could have done so. If Greenberg had advised the arbitrator that he believed the arbitrator lacked authority to impose a suspension, the arbitrator would have had the opportunity to recommend a different remedy if he found that Greenberg's position was meritorious.

Greenberg was promptly notified of the arbitrator's ruling and the district's intention to impose the remedy recommended. He had ample time to seek reconsideration by the arbitrator. Greenberg fails to show that his opportunity to return to the arbitrator was not an adequate remedy.

"This court can affirm on any ground within the proof before the trial court." <u>Bremerton Concrete Prods. Co. v. Miller</u>, 49 Wn. App. 806, 810, 745 P.2d 1338 (1987); <u>see also</u> <u>State v. Carroll</u>, 81 Wn.2d 95, 101, 500 P.2d 115 (1972). There

was proof before the trial court that the grievance procedure afforded Greenberg an adequate remedy. Thus, the court did not err in dismissing his claims.

Because Greenberg had an adequate remedy, he cannot satisfy the requirements for a writ or declaratory relief. It is unnecessary to address the district's remaining arguments in support of dismissal.

Affirmed.

Becker, J.

WE CONCUR:

Cox, J.